## COLLIER *v.* ERVIN.

NEW TRIAL — *cause remanded for further proceedings.* At the August term, 1875, this court reversed the judgment and remanded the cause for further proceedings. It appeared from the opinion that the court below tried two causes of action upon a wrong theory, and that certain errors must be corrected by the court below by determining the amounts due upon three mortgages and their priorities. *Held,* that the errors arose upon the trial of the cause, and that the effect of the order of this court was to grant a new trial.

APPEAL NOT CONSIDERED. Both parties appealed. C. asked for a new trial, and E. for a modification of the judgment. A new trial was granted on the hearing of C.'s appeal. *Held,* that E.'s appeal would not be considered because a modification of the judgment would be useless.

*Appeal from First District, Jefferson County.*

BLAKE, J., rendered a judgment upon the facts appearing in a prior judgment in this action. Both parties appealed and the cases were argued together.

SHOBER & LOWRY and SANDERS & CULLEN, for Collier.

CHUMASÉRO & CHADWICK and M. C. PAGE, for Ervin.

The following opinion was delivered on the appeal of Collier.

KNOWLES, J. This case was tried in February, 1874, and heard on appeal in this court at the August term, 1875. The judgment of the court below was reversed and the cause remanded. The cause came on for hearing in the court below at the October term, 1876, and the court held that, under the opinion of this court, a new trial was not granted and that a decree could be entered upon the facts found and which appeared of record in the first trial. The order of this court was as follows :  " The decree is reversed and the cause remanded for further proceedings."

We held in *Woolman* v. *Garringer*, *ante*, 405, that an order like this did not of necessity amount to a direction that there should be a new trial, and that the opinion of this court could be referred to in determining what was the intention in making the order. It was also held, that, if the error for which the case was reversed occurred on the trial, this of necessity would involve a new trial ; but if the error occurred after the trial, and the court below could take up the case at the point where the error occurred, it should do so, and the order for reversal would not call for a new trial. Did the errors for which the case was reversed occur at the trial, or subsequent to it ? If subsequent to the trial, was the record in such a condition that the court below could take up the case at the point where the error occurred ?

In determining for what errors the decree was reversed, let us consult the opinion rendered at the time of the reversal. It held that the court below had embraced too much in its decree, — the amount secured by the Rader mortgage; when it found that the mortgage was insufficient in law, and that there were not facts sufficient set forth in the cause of action, that seeks to foreclose the Blacker mortgage, to assess the amount due on the Rader mortgage as an amount due on the Blacker mortgage. The extent to which the amount due on the Rader mortgage was included in the decree was erroneous. When did this error occur ? It must have occurred on the trial. It was an error in finding an

amount for which a judgment should be rendered. How could this error be corrected without a new trial and assessing again the amount due on the Blacker mortgage? If a jury had wrongfully included this amount in their verdict, I am sure the error could not be corrected without a new trial, as the amounts due respectively on the Rader, Blacker and Collier mortgages nowhere appear in the findings. The amount is specified *in solido.* There should have been a new trial to remedy this error.

The second error might have been corrected in some particulars without a new trial, namely, that portion holding it was error to include in the decree of sale certain property, not in the Collier mortgage, and direct it to be sold in such a manner that the proceeds of the sale would inure to the satisfaction of the Collier mortgage; and that property not included in the Collier mortgage could not be sold to satisfy it. How is a decree to be drawn to meet the case without ascertaining how much was due respectively on the Collier and Blacker mortgages? The evidence must be again referred to.

It was also held error to fail to determine which of the mortgages was the prior incumbrance. No fact upon this point was found. How was it to be reached? The mortgages, their dates and dates of record must be inspected. Evidence must again be inspected and this would be a new trial. If this fact might be ascertained by an examination of the pleadings, it was not so found. This would be an error occurring at the trial and not subsequent to it.

It was suggested in the opinion that the case had been tried upon a wrong theory, namely : That the first and second causes of action were based upon promissory notes, when in fact they were based upon the amounts which had been paid for Ervin *et al.* on the notes. How was this error to be corrected without a new trial? Considering the order rendered in this case in the light of the opinion upon which it is based, its effect was to grant a new trial and it was error in the court below to refuse one.

In order to correct a misapprehension of the attorneys for both parties, I will say that this court did not affirm the determination of the court below that the Rader mortgage was insufficient in law to entitle Collier to foreclose it. This court was never called

upon to determine this question. It took the record as it appeared. In the record was found a determination that the Rader mortgage was insufficient in law, which was not excepted to by either party. This court treated the case from that standpoint and did not feel that it could recede from it.

The judgment is reversed and the cause remanded for a new trial.

*New trial granted.*

The following opinion was delivered on the appeal of Ervin.

KNOWLES, J. The foregoing decision makes it unnecessary that we should consider the points presented on this appeal. The relief asked by the appellant is a modification of the judgment in appropriating the proceeds of some of the property in controversy. The judgment has been reversed and the cause remanded for a new trial, and any modification of the same would be useless.