The State of Kansas v. Young and others.

THE STATE OF KANSAS, *Appellant* v. NELSON YOUNG, *et. al. Appellees.*

*Criminal Appeal from Shawnee County.*

The intention of the Legislature in the Act of Feb. 14th, 1857, [Priv. L., 1857, pp. 299, 300,] and in the supplemental Act of Jan. 27th, 1858, [Priv. L., 1858, p. 296,] was to confer upon the authorities of Topeka powers and privileges similar to those conferred upon the authorities of the City of Leavenworth by the Act of 1855, [Priv. L., 1855, pp. 337, 417,] as amended by the acts of Feb. 20th and 23d, 1857, [Priv. L., '57, pp. 253-4,] and *held* that thereby Topeka was made an incorporated city.

The rule of construction that municipalities take nothing by implication does not apply when the inquiry is merely to the fact of whether there is a corporation; every intendment must be taken in favor of the sufficiency of the legislative action.

*Semble*, the power of the City of Topeka to pass ordinances is full and complete.

The creation of municipal corporations is a "rightful subject of legislation" within the meaning of section 24 of the Organic Act; [L. 1855, p. 34.]

This power necessarily includes the power to make by-laws or ordinances for the government of the inhabitants, and to enforce them.

The administration of municipal ordinances is the exercise of a species of judicial power but is no part of the judicial power contemplated by the 27th section of the Organic Act, [L. 1855, p. 35,] which section refers only to the enforcement of the laws of the territory at large, and *semble*, the courts in that section named were to have exclusive cognizance of all subjects arising directly under the laws of the legislature at common law and in chancery. *Held* that the creation of municipal courts for the enforcement of municipal regulations is not inconsistent with this section.

Where an indictment was found May 24th, 1865 in Shawnee County, under the Dram Shop Act [Comp. L., p. 486,] against the appellees for selling liquor on May 1st, 1865, without license, and where the appellees (de-

fendants below,) pleaded to the jurisdiction that the act complained of was committed in Topeka, a city of more than one thousand inhabitants, having laws punishing and a tribunal having exclusive jurisdiction of the offense, to which plea a demurrer was filed, *held* that under the 15th section of the Dram Shop Act the decision of the court below overruling the demurrer should be sustained.

Ruling in The State v. Thompson, [2 Kans. R., 432,] that section fifteen of the Dram Shop Act is not in conflict·with the constitution. [Sec. 17, art. 2,] *sustained*.

The indictment in this case, found by the grand jury of Shawnee county, May 24th, 1865, charged that the defendants, in said county on May 1st, 1865, in a tippling house, *alias* dram shop, called " Young's Saloon," in the City of Topeka in said county, sold and retailed a gill of whisky to one Theodore Mills, without license as a grocer, dram shop keeper, beer house keeper or tavern keeper.

The defendant pleaded *first;* that the City of Topeka was at the time a duly incorporated city, reciting the acts of incorporation, " which said charter and acts of incorporation, the said city received and accepted " prior to the passage of the Dram Shop Act, and that the said city did at the time of the commission of the act as charged, contain more than one thousand inhabitants, and used and exercised its corporate powers so conferred, and was therefore exempted by the 15th section of the Dram Shop Act, from the operation of the provisions of that act, and that said city then had an ordinance in operation regulating the sale of intoxicating liquors, controlling ·the granting of licenses, and punishing the violation of such city laws; and *second*, that by such corporate laws the mayor of Topeka has exclusive jurisdiction of the offense charged.

The county attorney filed a demurrer to these pleas which was overruled. On exceptions to this ruling the case was brought to this court.

*A. L. Williams*, County Attorney, and Att'y General *Brumbaugh*, for the State.

*Case*, and *Morton & Martin*, for appellants.

*By the Court*, CROZIER, C. J.

The sufficiency of the pleas of the defendants is the only question presented by this record.

As to the first one, the question is whether Topeka is an incorporated city under the legislation referred to in the plea, and with reference to this, there can scarcely be a doubt. The very manifest intention of the legislature was to confer upon the authorities of Topeka powers and privileges similar to those conferred upon the authorities of the city of Leavenworth by the act of 1855 as amended in 1857. This was effectually done by the supplemental act of 1858, thereby clothing the city of Topeka with all the powers with which the prior legislation had invested the city of Leavenworth. Effect cannot be given to the action of the legislature upon any other construction. The rule of construction that municipal corporations take no powers by implication, does not apply in a case of this kind; the question not being, what are the powers of the corporation, but is Topeka an incorporated city. In the latter case every intendment must be taken in favor of the sufficiency of the action of the legislature with a view affecting its manifest purpose. The city of Topeka was therefore at the time of the commission of the alleged offense, an incorporation.

Considering the foregoing view of the subject to be the correct one, the next question that is made is as to its powers. The legislature undertook to confer upon its authorities power to enact ordinances concerning the licensing and regulating of dram shops and tippling houses, and created, or attempted to create a tribunal in which such ordinances might be enforced. It is not denied but that the power to pass ordinances, the city being an incorporated city, was full and complete, but it is insisted that under the act of Congress organizing the territory, the

Legislature had no power to create a mayor's court. This will depend upon the construction to be placed upon the twenty-fourth and twenty-seventh sections of that act. The former provides that "the legislative power of the territory shall extend to all rightful subjects of legislation consistent with the constitution of the United States and the provisions of this act." The creation of municipal corporations is certainly a "rightful subject of legislation." They are absolutely necessary for the good government of cities and towns, as demonstrated by the history of the world. Their creation for centuries has been regarded as a proper exercise of the legislative power in England; and in the United States, no other power rightfully could, or has attempted to create them.

The power to create municipal incorporations necessarily includes the power to authorize them to make by-laws—or ordinances, as they are commonly called—for the government of the inhabitants, and to enforce them. This is absolutely essential to the accomplishment of the main object of their creation. To say that Congress authorized the legislature to create them with power to pass ordinances but did not authorize the erection of a court for their administration and enforcement, would be to question the supposed assembled wisdom of the nation. The ability to enforce ordinances is just as essential to the good government of municipalities as the power to enact them, and was just as clearly within the intention of the congressional lawgivers.

But it is said that the enforcement of city ordinances is a judicial power, and that by the twenty-seventh section of the Organic Act, the judicial power of the territory was vested exclusively, in a Supreme Court, District Courts, Probate Courts and Justices of the Peace. It is true that the administration of municipal ordinances is the exercise of a sort of judicial power, but it is no part of the judicial power contemplated by the section referred to. That sec-

tion refers to the enforcement of the laws of the territory at large, and to that only. The courts therein named were to have the exclusive cognizance of all subjects arising directly under the laws of the legislature, or at common law, and in chancery; but it was not intended that in them alone could power to enforce city ordinances be deposited. Nor is the creation of municipal courts for the enforcement of municipal regulations inconsistent with this section, because the exercise of such power on the part of the legislature is not only not conferring judicial power within the meaning of this section, but is exercising authority over a rightful subject of legislation within the meaning of section twenty-four. This construction does violence to the spirit of neither of the sections referred to, is in accordance with the manifest intention of Congress, and is consistent with immemorial usage.

This court has already decided in The State v. Thompson, (2 Kans. R., 432,) that the Dram Shop Act is constitutional; the fifteenth section of which exempts incorporated cities of one thousand inhabitants from its operations. The plea states that Topeka contained that number of inhabitants at the time of the commission of the alleged offense, and had in force at that time, an ordinance punishing the act charged in the indictment, which facts are admitted by the demurrer; wherefore the District Court had no jurisdiction of the subject, and the demurrer was properly overruled.

The conclusions of this court upon the whole case, are, that at the time of the alleged offense, Topeka was an incorporated city; that it had power to provide for the punishment of such acts as are described in the indictment; that it had so provided; that the mayor's court was a legal tribunal with authority to enforce such ordinance; and that under the Dram Shop Act these powers were exclusively in the city. The judgment will be affirmed.

All the justices concurring.
57