WOOLMAN, appellant, *v.* GARRINGER, respondent.

PRACTICE—*judgment reversed — new trial — special findings.* The entry of judgment in the appellate court as follows: "That the judgment rendered and entered in this cause in the court below be reversed and the cause remanded," does not necessitate that a new trial on the merits shall be had in the court below — the supreme court of the United States having in the meantime reversed their decision upon the main question on which the appeal was sustained, to wit: on the issue that a legal and equitable action could not be combined in one proceeding, and the special findings of the jury in the first trial being unquestioned, and warranting an entry of judgment by the court below without a new trial.

*Appeal from Third District, Lewis and Clarke County.*

THIS is the same case that was before this court at its August term, 1872, 1 Mon. 535.

E. W. TOOLE and SHOBER & LOWRY, for appellant.

W. F. SANDERS, for respondent.

KNOWLES, J.   The facts presented to us in this case, as we gather them from the record, are as follows:   The cause was tried in the district court of the third judicial district, in the county of Lewis and Clarke, in the year 1871.   Certain special issues were then submitted to a jury impaneled in this cause.   The jury found upon these issues, and brought in a general verdict also for · plaintiffs for damages.   The objects of the action were to recover damages for the wrongful diversion of water, and for an injunction to restrain the defendants from diverting the same.   Upon the special findings both plaintiffs and defendants moved for a judgment.   The court awarded judgment to the plaintiffs, and the defendants appealed from this judgment to this court, which, upon the hearing of the cause, made this record:   " Now on this day, this cause coming on for decision and judgment on appeal, the court rendered its opinion in writing, which was duly filed, and for reasons assigned in said opinion, it is ordered and adjudged here by the court that the judgment rendered and entered in this cause in the court below be reversed and the cause remanded." What was the effect of this order ?   Did it necessitate a new trial of the cause ?   The decision of this court, it will be observed, was based upon an inspection of the opinion upon two propositions : First.   This was an action in which law and equitable relief were asked, and a law and equitable cause of action united, and this was in violation of our Organic Act.   Second.   It was found by the jury, and was a conceded fact, that the defendants were the prior appropriators of one thousand inches of the waters of McLellan creek, and that the plaintiffs' rights were based upon the appropriation of this water, after defendants had used it through their ditch, and that as a matter of law under these facts the defendants had the undoubted right to extend their ditch, so as to convey this water to a point where it would not flow into plaintiffs' ditch, and hence the court below ought to have given judg- ment for the defendants upon these findings.

As to the first proposition the decision of the supreme court of the United States in the case of *Hornbuckle* v. *Toombs*, 18 Wall. 648, eliminated it from the case.   It held that under our Organic Act an equitable and legal cause of action, in certain cases, could be united in the same complaint.   This left the opinion of this

court in this case, and the judgment therein, resting for support upon the second proposition only. So when this case came a second time before the district court it was confronted with this decision of the United States supreme court in the case of *Hornbuckle* v. *Toombs*, which eliminated the first proposition from the case, and was controlling. No one would contend that at that time, in accordance with the former opinion of this court in this case, the court should have held that the cause should not proceed under the complaint in the case, because it contained a legal and equitable cause of action. It was also confronted by the former decision of this court in this case, that under the facts found in the special verdict, judgment should have been for the defendants. The *special* findings of the jury control the general verdict. See Civil Practice Act, § 215. The facts had been once tried by a jury. Neither party complained of these special findings. The plaintiffs had had their day in court in relation to them. The court below, confronted by these decisions and facts, entered, without a new trial, upon the special findings in the case, judgment for defendants. This is assigned as error.

Upon an inspection of section 378 of our Practice Act, it will be seen that the reversal of a judgment is not always equivalent to an order granting a new trial. When a judgment is reversed a new trial may be ordered when it is proper or necessary. In determining what force and effect is to be attached to a judgment of this court, reversing the judgment of the court below, we may examine the opinion of this court. When fully considered, I think the cases of *Argenti* v. *The City of San Francisco*, 30 Cal. 458, and *Ryan* v. *Tomlinson*, 39 id. 639, support this view. There is nothing in the former opinion in this case that can be construed into reversing the judgment for any errors that appeared in the trial of the cause before the jury. It might be construed that the cause was remanded for the purpose of correcting the pleading so that not a legal or equitable cause of action might be presented. This would have necessitated a new trial. The remanding for that purpose, however, became unnecessary by the ruling in said case of *Hornbuckle* v. *Toombs*, by the highest appellate court known to our laws. The order remanding the cause for that purpose being inoperative, there was no reason for

a new trial of the cause. All the facts that were necessary to warrant the court below in entering judgment had been found by a jury and approved by the court. There was no necessity for the court to go back further in the case than where the error occurred in the proceedings, as the error occurred subsequent to the trial before the jury. There are no facts presented in the cases of *Stearns* v. *Aguirre*, 7 Cal. 443, and *Phelan* v. *San Francisco*, 9 id. 16, that show that they are in point. We do not controvert the proposition that where a judgment is reversed for an error occurring before or in the trial of a cause the cause should be tried *de novo*. But we hold that where the error complained of occurs subsequent to the trial, and where a general verdict or a special verdict shows the facts found by a court or jury, and these are not controverted, and they are sufficient to warrant what we deem a correct judgment, and the opinion of the court clearly indicates what it would consider a correct judgment, then judgment of this court to the effect that the judgment of the court below is reversed and cause remanded, should not be construed as granting a new trial, but as putting the parties back to the stage of the case where the error occurred for which the judgment was reversed. We consider this ruling more in accordance with reason and justice than to say that such a judgment should have the effect of granting a new trial. With these views it is not necessary to consider the proposition that the plaintiffs do not raise the issue of title, which the defendants set forth in their answer, to the water in dispute by a replication as required by our rules of practice. It may be that under the practice at the time the pleadings were framed such pleading was not necessary. The judgment of the court below is affirmed, with costs.

*Judgment affirmed.*