## GREEN MOUNTAIN STOCK RANCHING COMPANY, APPELLANT, *v.* SAVAGE, COUNTY TREASURER, ET AL., RESPONDENTS.

[Submitted December 11, 1894.   Decided January 21, 1895.]

PLEADING—*Sufficiency of complaint—Action to enjoin tax collection.*—In an action against a county treasurer and the trustees of a school district, brought to enjoin the collection of a special school tax levied by such district on the plaintiff's property, the complaint alleged facts in relation to the organization of such district which, if true, showed that it never had any legal existence. *Held,* that a cause of action was sufficiently stated, and that the court erred in dismissing the complaint.

SAME—*Same—Action by corporation.*—Where a corporation sues to enjoin the collection of a special school tax, and alleges in the complaint that its principal place of business is not within the school district which levied such tax, and for this reason it was not subject or legally liable to taxation in and by such district, the complaint states a cause of action, and its dismissal is error. (*Woolman* v. *Garringer,* 2 Mont. 405; *Collier* v. *Ervin,* 2 Mont. 556, cited.)

*Appeal from the Seventh Judicial District, Custer County.*

ACTION to enjoin the collection of special school taxes. Judgment was rendered for the defendants below by MILBURN, J.   Reversed.

*Middleton & Light,* for Appellant.

After the plaintiff has rested, the defendant's motion to dismiss the case and for a verdict, on the ground that the complaint did not state a cause of action, comes too late, even if well taken in point of law. (*Hogan* v. *Shuart,* 11 Mont. 498.) The jury by their verdict found that the Island ranch of the

plaintiff is on an island in the Yellowstone river, and the north boundary of school district No. 4 is such river. Further, the court takes judicial notice of the fact that the Yellowstone river is a navigable stream. (Comp. Stats., div. 1, § 643; *People* v. *Canal Appraisers,* 33 N. Y. 461.) Rivers are navigable in law which are navigable in fact. (*The Montello,* 20 Wall. 430.) The fact that a river is sometimes innavigable cannot affect its navigability at other times (*Nelson* v. *Leland,* 22 How. 48; 16 Am. & Eng. Ency. of Law, 243); and, where a navigable stream forms the boundary of a district, the margin of the stream forms the boundary, and the district will not include islands within the stream. (2 Am. & Eng. Ency. of Law, 504.) The court made no findings of fact or of law, but in effect sustained, after trial and verdict, a demurrer to the plaintiff's complaint, which was error. (*Hogan* v. *Shuart,* 11 Mont. 498.) Assuming that the plaintiff was without school district No. 4, the action of the board of trustees of that district in posting notices for holding an election for voting a special tax, the posted notices of trustees of their meeting as a board of equalization was not binding upon the plaintiff, for the reason that a notice by publication is never binding on those without the territory and beyond the jurisdiction of the officers making the notice by publication. (16 Am. & Eng. Ency. of Law, 811; *St. Paul* v. *Merritt,* 7 Minn. 258; Cooley on Taxation, 529; *Board of Commrs.* v. *Searight Cattle Co.,* 3 Wyo. 777; *Barnes* v. *Woodbury,* 17 Nev. 383.) Said district No. 4, not having personal jurisdiction of the appellant or its property, could not conclude appellant by its proceedings.

*T. J. Porter,* and *Charles H. Loud,* for Respondents.

The testimony received by the court below touching the corporate existence of the defendant shows that the verdict of the jury and the decision of the court are absolutely sustained by a preponderance of the evidence, and even if there were a conflict in the evidence, this court would not be justified in disturbing the decision of the court below. (*Carron* v. *Wood,* 10 Mont. 500; *Lincoln* v. *Rogers,* 1 Mont. 217; *Toombs* v. *Hornbuckle,* 1 Mont. 286; *Ming* v. *Truett,* 1 Mont. 322; *Travis* v.

*McCormick,* 1 Mont. 347; *Territory* v. *Reuss,* 5 Mont. 605; *Ramsey* v. *Cortland Cattle Co.,* 6 Mont. 498.) On still another ground is the judgment of the court below entitled to affirmance. The plaintiff admits that there was a lawful meeting of the board of equalization of the defendant school district No. 13, and that the plaintiff never in any manner appeared before that board, or made any protest of any kind against the tax in question, and under this state of facts the plaintiff cannot now come into court to question the legality of its unpaid tax to the school children of district No. 13. (*Northern Pac. R. R. Co.* v. *Patterson,* 10 Mont. 90; *Ward* v. *Commissioners,* 12 Mont. 23; *Minturn* v. *Hays,* 2 Cal. 590; 56 Am. Dec. 366; *Savings & L. Society* v. *Austin,* 46 Cal. 416; *Houghton* v. *Austin,* 47 Cal. 646.) The assessment not being alleged to be void, and not having offered to pay any part of the tax due these defendants, the plaintiff is not entitled to any relief in this action. (*Casey* v. *Wright,* 14 Mont. 315.) Upon the main question, that the court below had no jurisdiction upon the complaint of the plaintiff to permit the corporate existence of defendant school district No. 13 to be attacked in a collateral manner, the following authorities are cited. (Comp. Stats., §§ 1875, 1882; *Atchison etc. R. R. Co.* v. *Wilson,* 33 Kan. 233; *Voss School District,* 18 Kan. 467; *School District* v. *State,* 29 Kan. 57; *Stockle* v. *Silsbee,* 41 Mich. 615; *Clement* v. *Everest,* 29 Mich. 22; *School District* v. *School District,* 45 Kan. 543; *State* v. *Central Pac. R. R. Co.,* 21 Nev. 75; *Stewart* v. *School District,* 30 Mich. 69; 21 Am. & Eng. Ency. of Law, 753.) In this case the appellant asks the court to exercise its chancery powers by restraining the collection of taxes by an injunction. But a bill seeking such relief cannot be maintained on the sole ground of the illegality of the tax, but must present a case which falls within some recognized head of equity. (Bispham's Equity, § 424.) The evidence clearly shows that the "Island ranch" was used by the appellant company during certain portions of the year as their home ranch, and also discloses that the company owns the land and improvements known as the "Island ranch." If the mid-channel of the Yellowstone is taken to be the northern boundary of school district No. 4, as it should be (see Tiedeman

on Real Property, § 835), it would then follow that the land and improvements situate thereon are within said district No. 4, and that the said district had jurisdiction to assess this much of the property of the appellant company at least, and it became the duty of its proper officers to so assess and levy a tax thereon. And it would then become the duty of the appellant to first apply to the school district board of equalization for relief against an excessive, irregular, or erroneous assessment of its property by said district before it could be heard to prosecute its claim in a court of equity.

PEMBERTON, C. J.—The plaintiff in this action is a corporation. It instituted this suit in the court below to enjoin defendant Savage, as treasurer aforesaid, from the collection of special school taxes claimed to be due to said school districts for the year 1890, said taxes amounting, in the aggregate, to nine hundred and ten dollars and seventy-three cents. Seven hundred and thirty-five dollars and fifty-eight cents of said amount alleged to be due as such tax to school district No. 4, and one hundred and seventy-five dollars and fifteen cents alleged to be due to said school district No. 13. The complaint alleges that said districts levied such tax upon the property of plaintiff for the same year, for the same purpose, and upon identically the same property. The plaintiff alleges in its complaint that its particular place of business was not located within the limits of said school district No. 4 at the time of the levy of said tax claimed to be due said district, and therefore claims that it could not be compelled to pay taxes in said school district. As to the tax levied by school district No. 13, the plaintiff seeks to avoid the payment thereof by attacking the organization of said district, claiming that the same was never, at any time, legally organized as a school district, with authority to levy taxes, but admits its place of business to be within its boundaries if properly organized. The case was tried to a jury. The court submitted special findings of fact, involving the question as to the particular place of business of said corporation, as well as the legality of the organization of school district No. 13. The jury returned findings in all these matters in favor of defendants, and rendered a general verdict

against the plaintiff. The court set aside the findings of fact
and the general verdict, and thereupon dismissed the complaint
of plaintiff, for the reason, as contended, that it did not state
a cause of action, and rendered judgment against the plaintiff
for costs. From this judgment, and an order refusing a new
trial, this appeal is prosecuted.

The only material error assigned in this case is the action
of the court in dismissing the complaint of plaintiff upon the
ground that it did not state a cause of action.

The plaintiff alleges in its complaint that the pretended
school district No. 13 never had any legal existence, for the
reason that nothing whatever was ever done by the county
superintendent of schools, or the board of county commission-
ers, or any other person, which section 1875 of the Compiled
Statutes of 1877 required to be done in order to organize a
school district. If the facts stated in the complaint in relation
to the organization of this district are true, then it never had
any legal existence. It is a nullity. The organization of this
district is not attacked on account of irregularities. But the
facts alleged show that there never was in fact any such cor-
porate entity as school district No. 13 in Custer county. In
order to give a school district existence, at least some thing
ought to be done which the law requires to be done in order
that it may claim organization and assume to exercise the
privileges and franchises of a corporation. If this district
were plaintiff in this case and alleged its corporate existence,
it certainly could not prove it if the facts are as alleged in the
complaint herein. The arguments of counsel for this district,
and the authorities cited, are applicable to cases where the or-
ganization is sought to be attacked for irregularities merely.
We think they do not apply when the actual existence of such
a corporation is the issue presented.

The plaintiff alleges that its principal place of business is
not within school district No. 4, and that for this reason it was
not subject or legally liable to taxation in and by this district.
If this be true, and it must be so considered for the purpose
of this case, then the tax levied and sought to be collected for
this district is void.

It is contended that plaintiff should have gone before the

board of equalization for these districts in the first instance and sought relief, and that its complaint should state this fact to give it standing in court in this case. If the place of business and property of plaintiff are without the limits of school district No. 4, then said school district never had any jurisdiction to levy a tax against the plaintiff. If the pretended school district No. 13 never had any existence, then, of course, it never had any jurisdiction to levy the tax it claimed or to do any thing else.

From this consideration we are of opinion that the complaint stated a cause of action as to district No. 4, as well as to the pretended district No. 13. The case is therefore reversed and remanded for such further proceedings as may be appropriate to the conditions of the case. (*Woolman* v. *Garringer*, 2 Mont. 405; *Collier* v. *Ervin*, 2 Mont. 556.)

*Reversed.*

DE WITT, J., and HARWOOD, J., concur.

[Submitted December 11, 1894. Decided January 21, 1895.]