HENDERSON ET AL., APPELLANTS, *v.* SCHOOL DISTRICT No. 44 ET AL., RESPONDENTS.

(No. 5,824.)

(Submitted January 5, 1926. Decided January 13, 1926.)

[242 Pac. 979.]

*School Districts—De Jure and De Facto Public Corporations— Attack on Legality of Existence—Estoppel by Acquiescence.*

School District is Public Corporation.
    1. A school district, organized by compliance with the laws of the state, is a public corporation.
Municipal Corporation *De Jure*—Definition—Immune to Assault in Court.
    2. A public or municipal corporation *de jure* is one brought into being by full compliance by its incorporators with the requirements

---

1. See 24 R. C. L. 564.

of an existing law permitting its incorporation and is proof against assault in the courts.

Same—*De Facto* Corporation—What Constitutes—Who may Attack Legality of Corporation.

3.  To constitute a municipal corporation one *de facto* there must exist a charter or general law under which it could lawfully have been organized, there must have been an attempt made to organize thereunder, and actual user of the corporate franchise. In such a case the legality of its existence can be questioned only by the state in a direct proceeding. Where, however, there was no law under which it could have been created, or no attempt to organize under an existing law, the corporation is void and may be attacked by a private individual who is affected thereby.

School District—Organization in Good Faith Under Improper Statute—*De Facto* Corporation—Collateral Attack.

4.  *Semble:* It would seem that where a school district attempted in good faith to annex another district under an existing law providing for annexation but mistakenly proceeded under a law permitting the extension of its boundaries by taking in part of another district, and the district thus created was acquiesced in by all concerned for more than five years, it was a corporation *de facto* and the legality of its existence was not open to collateral attack by resident taxpayers in an action to enjoin the sale of bonds issued by the district.

Same—Attack on Legality of Existence—Estoppel by Acquiescence.

5.  Under the rule that acquiescence in the exercise of corporate functions and dealing with the corporation as such over a period of years estops all persons who so dealt with it from assailing the legality of its incorporation, *held*, that where resident taxpayers had for five years acquiesced in the operation of a school district irregularly created, they were estopped, on the ground of public policy, to attack the legality of its existence, even though they did not know of its creation until shortly before instituting suit to enjoin the sale of its bonds.

[1] Schools and School Districts, 35 **Cyc.**, p. 832, n. 81.
[2]. Municipal Corporations, 28 **Cyc.**, p. 171, n. 39.
[3] Municipal Corporations, 28 **Cyc.**, p. 171, n. 40; p. 172, n. 44; p. 144, n. 55, 56.
[4] Schools and School Districts, 35 **Cyc.**, p. 846, n. 68; p. 847, n. 76.
[5] Municipal Corporations, 28 **Cyc.**, p. 175, n. 60, 63. Schools and School Districts, 35 **Cyc.**, p. 847, n. 76.

*Appeal from District Court, Fergus County; John C. Huntoon, Judge.*

ACTION by L. T. Henderson and another against School District No. 44 and others, as trustees thereof, to enjoin the sale

3  See 19 **R. C. L.** 703.
4.  Collateral attack upon annexation proceedings, see note in 3 **Ann. Cas.** 243. See, also, 24 **R. C. L.** 565.
5.  Collateral attack on legality of organization of school district, see note in 11 **Ann. Cas.** 1060.

of district bonds. From a judgment of dismissal plaintiffs appeal. Affirmed.

*Mr. Ralph J. Anderson*, for Appellants, submitted a brief and argued the cause orally.

The requisites of a *de facto* municipal corporation are: 1. A charter or general law under which such corporation as it purports to be might lawfully be organized; 2. An attempt to organize thereunder; 3. Actual user of the corporation franchises. (*Morgan* v. *Independent School Dist. No. 26*, 36 Idaho, 372, 211 Pac. 529–532; *Coe* v. *City of Los Angeles et al.*, 42 Cal. App. 479, 183 Pac. 822; *Town of Constitution* v. *Chestnut Hill Cemetery Assn.*, 136 Ga. 778, 71 S. E. 1037; *City of Salem ex rel. Roeny* v. *Young*, 142 Mo. App. 160, 125 S. W. 857; *Lang* v. *City of Bayonne*, 74 N. J. L. 455, 122 Am. St. Rep. 391, 12 Ann. Cas. 961, 15 L. R. A. (n. s.) 93, 68 Atl. 90; *Devlin* v. *Wilson*, 88 N. J. L. 180, 96 Atl. 42; *City of Carthage* v. *Burton*, 51 Tex. Civ. App. 195, 111 S. W. 440; *Wilson* v. *Carter* (Tex. Civ. App.), 161 S. W. 411; 28 Cyc. 172; 14 C. J. 214.)

We find from an examination of the facts in this case that there was a general law under which such a district might be organized and that there was a user of the corporate franchises, but it is our contention that there was no attempt made to organize under the law; that, therefore, the consolidated School District No. 44 was lacking in one of the essential elements of a *de facto* municipal corporation.

In the following cases it was held that because the school districts under consideration by the court were lacking in the same element, namely, an attempt to organize under the law, their creation was void and that their invalidity might be inquired into in a proceeding other than *quo warranto: Dartmouth Sav. Bank* v. *School District*, 6 Dak. 332, 43

N. W. 822; *Cleveland* v. *School District No. 79,* 51 Okl. 69, 151 Pac. 577; see, also, *Colton* v. *Rossi,* 9 Cal. 595; *City of Guthrie* v. *Wylie,* 6 Okl. 61, 55 Pac. 103. In the case of *Green Mountain S. & R. Co.* v. *Savage,* 15 Mont. 189, 38 Pac. 940, this court held that where no attempt was made to comply with the law for the organization of a school district, a tax-payer may bring an action to inquire into the validity of the organization of such a district. Under the authorities cited, it would appear to be clear that consolidated School District No. 44 was not a corporation *de jure* or *de facto,* and that therefore anyone might inquire into the validity of its organization.

The plaintiffs are not estopped to assert the invalidity of the organization of consolidated District No. 44, upon two grounds, to-wit: 1. That estoppel will not arise in favor of a void act or contract; 2. That the plaintiffs cannot be held to be estopped by reason of their acceptance of the benefits unless they have acted with knowledge of the facts and of their rights.

No estoppel can arise in favor of a void act or contract, and the same cannot be cured by the application of the doctrine of estoppel. (21 C. J. 1111; *Wood* v. *Calaveras County,* 164 Cal. 398, 129 Pac. 283–287; *Lukens* v. *Nye,* 156 Cal. 498, 20 Ann. Cas. 158, 36 L. R. A. (n. s.) 244, 105 Pac. 593–596; *Jones* v. *Aspen Hardware Co.,* 21 Colo. 263, 52 Am. St. Rep. 220, 29 L. R. A. 143, 40 Pac. 457, 459.) It is the general rule that in order to create an estoppel by an acceptance of benefits, it is essential that the party against whom the estoppel is claimed shall have acted with knowledge of the facts and of his rights. (21 C. J. 1207; 10 R. C. L. 694; *Peterson* v. *School Board,* 73 Mont. 442, 236 Pac. 670–673.)

*Mr. L. A. Foot,* Attorney General, *Mr. C. N. Davidson,* Assistant Attorney General, and *Mr. Enor K. Matson,* County

Attorney of Fergus County, submitted a brief; *Mr. Davidson*
argued the cause orally.

We contend that there was a colorable attempt to comply with
the provisions of the law with respec. to the organization of
consolidated school districts, coupled with constant and un-
questioned use since February 11, 1919, sufficient to give
District No. 44 a *de facto* corporate existence as to all terri-
tory over which it assumed to act.  (*Finnegan* v. *Noerenberg*,
52 Minn. 239, 38 Am. St. Rep. 552, 18 L. R. A. 778, 53 N. W.
1150; *Johnson* v. *Schulin*, 70 Minn. 303, 73 N. W. 147; *Splon-
skofsky* v. *Minto*, 62 Or. 560, 126 Pac. 15; *Hamilton* v. *San
Diego County*, 108 Cal. 273, 41 Pac. 305; *Morgan* v. *Inde-
pendent School District*, 36 Idaho, 372, 211 Pac. 529; *Nelson*
v. *Consolidated Independent School District*, 181 Iowa, 424,
164 N. W. 874; *Evens* v. *Anderson*, 132 Minn. 59, 155 N. W.
1040; *Wood* v. *Calaveras County*, 164 Cal. 398, 129 Pac. 283;
*Pickett* v. *Board of Commrs. of Fremont Co.*, 24 Idaho, 200,
133 Pac. 112; *Griffin* v. *Thomas*, 86 Okl. 70, 206 Pac. 604;
*Van Wagener* v. *MacFarland*, 58 Cal. App. 115, 208 Pac.
345; 35 Cyc. 847.)

The legality of the organization of this school district can-
not be inquired into collaterally.  (*Coe* v. *City of Los Angeles*,
42 Cal. App. 479, 183 Pac. 822; *Morgan* v. *Independent School
District*, 36 Idaho, 372, 211 Pac. 529; *Nelson* v. *Consolidated
Independent School District*, 181 Iowa, 424, 428, 164 N. W.
874, 876; *Dappen* v. *Weber*, 106 Neb. 812, 184 N. W. 952,
187 N. W. 230; *Fowler* v. *Park*, 79 Okl. 1, 190 Pac. 668; *Shore*
v. *Board of Education*, 97 Okl. 273, 223 Pac. 867; 24 R. C. L.
565, sec. 8; Dillon on Municipal Corporations, 5th ed., sec. 67.)

MR. JUSTICE MATTHEWS delivered the opinion of the
court.

On April 4, 1925, an election for the issuance of $20,000
school district bonds was held in defendant District No. 44

of Fergus county, and a majority of the electors voted in favor of the issue; thereupon the defendant trustees of said district took the appropriate steps for the issuance and, sale of such bonds.  Before the date of sale, however, plaintiffs, as resident taxpayers in said district, commenced an action to enjoin the sale.  Issue was joined and the cause submitted to the trial court on an agreed statement of facts, and resulted in a judgment of dismissal and for costs in favor of the defendants.  From this judgment plaintiffs have appealed.

From the agreed statement of facts it appears that School District No. 44 of Fergus county had been in existence as a legal entity for years prior to February, 1919; adjoining it there existed a small district with but nineteen children of school age, then known as School District No. 42.  In February, 1919, the people residing in District No. 42, conceiving that their children would be better served in District No. 44, petitioned the county superintendent to annex their district to District No. 44.  After a hearing duly noticed, the county superintendent made an order of annexation, which order was filed with the county clerk of Fergus county.  From this order no appeal was taken, and its validity was never questioned until this action was commenced in May, 1925.

Upon the annexation, District No. 44 assumed jurisdiction over the territory included within the boundaries of District No. 42, and accepted the children therein into its schools as residents of the district; the board of county commissioners recognized the annexation as valid, and levied school taxes for District No. 44 upon all property within the enlarged district.  School District No. 42 ceased to function as a district, and all of the residents within that territory, including the plaintiffs, acquiesced in the annexation, took part in school elections held in District No. 44, sent their children to its schools, and paid the taxes levied upon their property for its support and maintenance.  In 1923 District No. 44 issued and

sold refunding bonds of the district, which are still outstanding.

The question presented by the appeal is: Does the present status of School District No. 44, as shown by the agreed statement of facts, warrant the judgment of dismissal?

Section 1034, Revised Codes of 1921, existed at the time of the attempted annexation as section 407, Chapter 76, Laws of 1913. It authorized the consolidation of school districts or the annexation of one district to another, which latter thereafter continues under its old name and organization, but in order to effect either consolidation or annexation under this section, a petition therefor must be presented to the county superintendent of schools of the county from each of the districts to be affected, and on these petitions an election must be called and the question voted upon in each district. No attempt was made to comply with these provisions other than the presentation of a petition for annexation signed by residents of District No. 42, and the order of annexation was clearly the result of following the provisions of section 1033, Revised Codes of 1921, then section 406, Chapter 76, above, providing for the extension of the boundaries of a school district on petition of a majority of the resident freeholders of territory which is a *part* of an organized district, to be made a part of such first district, on which petition the county superintendent of schools is authorized, after a hearing, to make the order of inclusion.

1. A school district, organized by compliance with the laws [1] of this state, is a public corporation. (Sec. 1022, Rev. Codes 1921; *Finley* v. *School District,* 51 Mont. 411, 153 Pac. 1010; *State ex rel. School District* v. *McGraw,* 74 Mont. 152, 240 Pac. 812.)

2. Public or municipal corporations have been classified, with reference to the regularity or legality of their organization, as (a) corporations *de jure;* (b) corporations *de facto;* and (c) void corporations. (28 Cyc. 171.)

(a) A corporation *de jure* exists by reason of full compli-
[2] ance by the incorporators with the requirements of an
existing law permitting the organization of such a corpora-
tion, and is impregnable to assault in the courts from any
source. (*Jameson* v. *People,* 16 Ill. 257, 63 Am. Dec. 304;
*State* v. *Young,* 3 Kan. 445; *Smith* v. *Crutcher,* 92 Ky. 586,
18 S. W. 521.)

(b) Under certain conditions, where an attempt has been
[3] made to create a corporation, which attempt falls short
of the creation of a corporation *de jure,* the entity will, never-
theless, be recognized as a corporation *de facto,* and, if such
is the case, the legality of the organization or existence can
be questioned only by the state in a direct proceeding. (Dillon
on Municipal Corporations, 5th ed., sec. 67; 25 Cyc. 174;
*Morgan* v. *Independent School District,* 36 Idaho, 372, 211
Pac. 529; *Nelson* v. *Consolidated School District,* 181 Iowa,
424, 164 N. W. 874; *Daily* v. *Marshall,* 47 Mont. 377, 133 Pac.
681; *Barnes* v. *Smith,* 48 Mont. 309, 137 Pac. 541.) The
general rule is that, in order to create a corporation *de facto,*
there must exist a charter or general law under which such
a corporation might lawfully be organized, an attempt in
good faith to organize thereunder, and actual user of the cor-
porate franchise. (1 McQuillin on Municipal Corporations,
sec. 1511; 28 Cyc. 172; *Coe* v. *City of Los Angeles,* 42 Cal.
App. 479, 183 Pac. 822; *City of Carthage* v. *Burton,* 51 Tex.
Civ. App. 195, 111 S. W. 440; *City of Salem* v. *Young,* 142
Mo. App. 160, 125 S. W. 857; *Lang* v. *Bayonne City,* 73
N. J. L. 455, 122 Am. St. Rep. 391, 12 Ann. Cas. 961, 15
L. R. A. (n. s.) 93, 68 Atl. 90.)

(c) Where there is no law under which a corporation such
as that attempted to be created can exist, or where there has
been no attempt in good faith to organize under an existing
law, it is generally held that the purported corporation is
void, and the attempted exercise of corporate powers may be

attacked, by a private individual who will be affected thereby, in an appropriate proceeding. (*Green Mt. Stock Ranching Co.* v. *Savage,* 15 Mont. 189, 38 Pac. 940; *Cleveland* v. *School District,* 51 Okl. 69, 151 Pac. 577; *Dartmouth Sav. Bank* v. *School District,* 6 Dak. 332, 43 N. W. 822; 28 Cyc. 174, and cases cited.)

Here we have a general law under which the annexation [4] could legally have been accomplished; an attempt, apparently in good faith, to annex District No. 42 to District No. 44, not, however, under the law providing for annexation, but under an existing law permitting the extension of the boundaries of one district to take in a part of another organized district, but followed, nevertheless, by user, acquiesced in by the public officials, District No. 42, and all freeholders residing therein, including the plaintiffs, for more than five years.

Manifestly the action taken was irregular and was not sufficient to create a corporation *de jure,* nor, under the general rule stated above, was it sufficient to create a corporation *de facto,* and, had timely action been taken, undoubtedly residents of District No. 42 could have prevented District No. 44 from exercising dominion and control over the territory of the former. (*Van Wagener* v. *MacFarland,* 58 Cal. App. 115, 208 Pac. 345.)

The case of *Green Mt. Stock Ranch Co.* v. *Savage,* above, is relied upon by plaintiffs as supporting their contention that a resident freeholder may attack the organization of such a corporation as the one under consideration at any time, if the second requisite given in the above definition of a *de facto* corporation, to-wit, an attempt in good faith to organize under the particular law providing for such organization, is lacking. There this court had under consideration the sufficiency of a complaint which alleged: "That nothing whatever was ever done by the county superintendent of schools, or the board of county commissioners, or any other person, which section

1875 of the Compiled Statutes of 1877 required to be done in order to organize a school district.'' There appears to have been no showing as to whether the alleged school district had ever acted as such prior to the attempted levy and collection of taxes which were opposed by the plaintiff, or that any attempt under any law in existence was made to organize a school district. The court said: ''If the facts stated in the complaint in relation to the organization of this district are true, then it never had any legal existence. It is a nullity. The organization of this district is not attacked on account of irregularities. But the facts alleged show that there never was in fact any such corporate entity. * * * In order to give a school district existence, at least something ought to be done which the law requires to be done in order that it may claim organization and assume to exercise the privileges and franchises of a corporation.'' In the absence of any showing other than that of the complaint in that case, and under the rules heretofore announced, plaintiff's contention would be unassailable.

But in the case at bar there was an attempt, apparently in good faith, to organize under an existing law, resulting in an order of annexation and followed for more than five years by user, acquiesced in by the public officials, District No. 42 and all of the resident freeholders thereof, including these plaintiffs.

In the recent case of *Shore* v. *Board of Education,* 97 Okl. 273, 223 Pac. 867, wherein the facts stated are quite similar to those in the case at bar, and it was contended, as here, that the corporation was void by reason of failure to proceed under the proper statute, the court said: ''The rule announced by the decisions of our own court and of other states on this question may be said to be that if there is no law authorizing *de jure* corporations, a *de facto* corporation cannot exist, but if corporations of the nature attempted to be organized are recognized by the general system of law of the state, or

if there is a law under which such corporation might be organized, even though the specific Act under which the organization proceeded is not strictly applicable, such corporation would exist as a *de facto* corporation, and its existence or the validity of its organization cannot be collaterally attacked." (See, also, *Griffin* v. *Thomas,* 86 Okl. 70, 206 Pac. 604.)

In *Graham* v. *City of Greenville,* 67 Tex. 62, 2 S. W. 742, it was held that, notwithstanding an election was held in a manner not sanctioned by the law, a corporation *de facto* existed, as the action constituted but an irregularity, quoting: "When the question arises collaterally," says Mr. Cooley, "the courts will not permit its corporate character to be questioned, if it appears to be acting under color of law, and recognized by the state as such. And this though the manner of incorporation prescribed by the Constitution had not been followed."

Mr. Dillon, in his work on Municipal Corporations, says: "In public affairs, where the people have organized themselves, under color of law, into the ordinary municipal bodies, and have gone on year after year, raising taxes, making improvements, and exercising their usual franchises, their rights are properly regarded as dependent quite as much on acquiescence as on the regularity of their origin." (Dillon on Municipal Corporations, 5th ed., sec. 67.)

In *People ex rel. Gridley* v. *Farnham,* 35 Ill. 562, it is declared that, after long-continued use of corporate powers, and the acquiescence of the public in them, the law will indulge the presumption that the corporation was legally created.

Under these authorities we would be justified in holding that School District No. 44 had, at the time this action was commenced, become a corporation *de facto,* and that therefore it was not open to the collateral attack made upon it, but we need not go so far as that.

3. The defendant district had pleaded an estoppel as against [5] the plaintiffs, and under the agreed facts, it is urged that this is a sufficient plea.

After a community has for years, as in the case at bar, exercised the functions of a public corporation, its legal existence cannot be questioned without causing disturbance more or less serious, and if the question of the regularity of its organization can be kept open to collateral inquiry indefinitely, no one can ever be secure in dealing with such entities, or be sure that taxes levied, bonds floated, or contracts necessarily entered into for the transaction of its business will be valid and enforceable. The transaction of public business might be blocked at any time at the will or whim of a private individual and the credit of the corporation impaired or destroyed. For these and other cogent reasons it is held that: "An individual may be estopped by his conduct to attack the validity of the incorporation of a municipality, even though, but for such estoppel, he might do so." (28 Cyc. 175.) Thus acquiescence in the exercise of corporate functions, and dealing with the corporation as such over a period of years will estop all persons dealing with the corporation from assailing its legality. (*In re Flemington Borough,* 168 Pa. 628, 32 Atl. 86; *St. Louis* v. *Shields,* 62 Mo. 247; *Cowell* v. *Colorado Springs Co.,* 3 Colo. 82; *People* v. *Maynard,* 15 Mich. 463; *People* v. *Curley,* 5 Colo. 412; *State* v. *Westport,* 116 Mo. 582, 22 S. W. 888; *State* v. *Leatherman,* 38 Ark. 81; *State* v. *Pell City,* 157 Ala. 380, 47 South. 246; *Board* v. *Crittenden,* 94 Fed. 613, 36 C. C. A. 418.)

Counsel for plaintiffs contends that, in order to create an estoppel by acceptance of benefits, it is essential that the party against whom the estoppel is claimed must have acted with knowledge of the fact and of his rights, and that the record discloses that these plaintiffs had no knowledge of the creation of the district until April; 1925. He cites, in support of his contention, 21 C. J. 1207, 10 R. C. L. 694, and *Peterson* v. *School Board,* 73 Mont. 442, 236 Pac. 670. Here the plaintiffs did more than accept benefits; they dealt with the district and

accepted liability as well; they paid the taxes levied against their property for a number of years, thus recognizing the district and acquiescing in its assumption of corporate capacity, and the estoppel here invoked is not, therefore, strictly an estoppel by acceptance of benefits, but rather it is an estoppel based upon public policy, because of the confusion into which a judgment, at this late date, that the organization was void, would throw public and private rights and interests acquired through years of operation with the acquiescence of the inhabitants, and is therefore not dependent upon knowledge of the facts.

A similar contention was made in the case of *Hamilton* v. *San Diego County,* 108 Cal. 273, 41 Pac. 305, and under like fact conditions, and was disposed of by the following statement: "The plaintiff here and his numerous assignors, owners of property included within the district recognized its corporate existence by paying taxes for its use in discharging the debts incurred. True they did this, as the court finds, under a mistake as to the legal creation of the district, but that is immaterial," *etc.*

Under the facts disclosed in the record before us, we are of the opinion that the plaintiffs were in no position to question the existence of the enlarged District No. 44, and that, therefore, the facts warranted the judgment of dismissal entered.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.