SCHOOL DISTRICT No. 28, RESPONDENT, *v.* LARSON ET AL., APPELLANTS.

(No. 6,183.)

(Submitted September 23, 1927.  Decided October 29, 1927.)

[260 Pac. 1042.]

*School Districts—Creation—Statutory Requirements Jurisdictional—Public Corporations—When Existence Open to Collateral Attack—Jurisdiction—Presumptions—Injunction.*

Joint School Districts—Creation—Statutes—Improper Procedure—Lack of Jurisdiction.
    1.  Section 1035, Revised Codes 1921, declares that joint school districts (districts lying partly in one county and partly in another) may be formed as other districts are formed, thus referring to some provisions of either section 1024 or section 1025; the only sections referring to the subject. Section 1024 requires, inter alia, that a petition for the creation of a district must be signed by parents of children residing at a greater distance than two miles from a schoolhouse 'in which school is maintained. Section 1025 says that a petition for the creation of a district out of a portion of an existing one must be presented to the board of trustees of the parent district. *Held,* that a petition for the creation of a joint district wholly from the territory of an existing district, if drawn under 1024, was fatally defective in failing to set forth that the signers resided at a greater distance than two miles from a schoolhouse in which school was being maintained; and if formulated under 1025, the procedure in presenting it to the superintendents of the two counties in which the new district partly lay, instead of the board of trustees of the district out of which the new one was to be formed, did not confer jurisdiction on the superintendents to act, and that in either event the district court properly held that the order creating the district was void for want of jurisdiction in the superintendents to act.
Same—Petition—Statutory Requirements Jurisdictional.
    2.  Requirements of the statute as to what a petition for the creation of a new school district shall contain are jurisdictional;

364     School Dist. No. 28 *v.* Larson et al.    [Oct. T. '27

[80 Mont. 363.]

they must be made to appear in the petition or proven as matter of evidence; omissions to do either is fatal.

Same — County Superintendents — *Quasi*-Judicial Functions Limited — Jurisdiction — Presumptions.
3. If county school superintendents in determining whether or not new school districts shall be created pursuant to petitions therefor presented exercise *quasi*-judicial functions, they are of a limited and inferior character and no presumption may be indulged in favor of their jurisdiction or the regularity of the proceedings had before them; every jurisdictional fact must be made to appear affirmatively.

Same — Public Corporations — When Open to Collateral Attack — Remedy by Injunction Available, When.
4. Where a pretended or purported public corporation, such as a school district, is a nullity, being neither a corporation de jure nor de facto, its existence may be attacked collaterally; hence where a newly created school district was not a de jure corporation, nor, never having functioned, one de facto, the remedy by injunction was available to the old district to question the validity of its corporate existence.

---

[1, 2] Schools and School Districts, 35 **Cyc.**, p. 840, n. 19, p. 842, n. 20, p. 845, n. 53 New, p. 849, n. 92.
[3] Appeal and Error, 4 **C. J.**, sec. 2557, p. 664, n. 93. Evidence, 22 **C. J.**, sec. 68, p. 129, n. 88. Schools and School Districts, 35 **Cyc.**, p. 835, n. 93, p. 837, n. 6, p. 842, n. 29, p. 843, n. 30.
[4] Injunctions, 32 **C. J.**, sec. 423, p. 269, n. 22. Municipal Corporations, 43 **C. J.**, sec. 49, p. 98, n. 60; sec. 50, p. 98, n. 62; sec. 52, p. 99, n. 87. Schools and School Districts, p. 832, n. 81, p. 846, n. 67, p. 847, n. 76.

*Appeal from District Court, Lake County; Theodore Lentz, Judge.*

Suit by School District No. 28 of Lake and Missoula Counties against Carrie Larson, as County Superintendent of Schools of Lake County, in which School District No. 21 of Lake and Missoula Counties intervened. Judgment for plaintiff and defendant and intervener appeal. Affirmed.

*Mr. Grover C. Johnson, Mr. Thos. N. Marlowe* and *Mr. Chas. N. Madeen,* for Appellants, submitted a brief; *Mr. Marlowe* and *Mr. Madeen* argued the cause orally.

*Mr. Walter L. Pope* and *Mr. A. J. Brower,* for Respondent, submitted a brief; *Mr. Pope* argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

School District No. 28 has been a joint public-school district, situate partly in Lake county and partly in Missoula county. A petition, addressed to the county superintendent of schools of Lake county and the county superintendent of schools of Missoula county and praying for the creation of a new school district out of certain territory of the joint district, was presented to those officials. The territory sought by the petition to be made a new district comprised the southern part of the joint district and included territory in each of the counties, so the proposed new district would be, itself, a joint district and would have within its boundaries all of the territory of Missoula county that was in District No. 28, as well as some situate in Lake county. The petition was signed by a majority of the school electors residing within the proposed new district. Furthermore; it recites that it is signed by parents of more than ten school children residing within the proposed new district. There was a schoolhouse within the boundaries of the proposed new district and there were in District No. 28 several schoolhouses which were not in the proposed new district.

The petition was filed and, December 31, 1926, at Polson, the county-seat of Lake county, a hearing thereon was held by both county superintendents and, as a result, that night, the night of December 31, there was made and signed by both of those officials an order, granting the petition and purporting to create the proposed new joint district. The order did not describe the boundaries of the new district it assumed to create but recited that "said petition for the creation and organization of a new joint school district as described in said petition is hereby granted and allowed." It appears that the order was made in duplicate and that each of the officials retained one for the files of her office. The term of office of Mary E. Eckstein, county superintendent of Lake county, expired that night, at midnight. She was succeeded by Carrie Larson, defendant

366     School Dist. No. 28 *v.* Larson et al.    [Oct. T. '27

[80 Mont. 363.]

herein. Aurelia Boles, county superintendent of Missoula county, succeeded herself.

January 3, 1927, at Missoula, Montana, Superintendent Boles wrote to Superintendent Larson, at Polson, and informed the latter that she, Superintendent Boles, had added to the order in her office a description of the boundaries of the new district, as set forth in the petition, writing it at the bottom, beneath the signatures of the officials; and, also, that she had written at the top of the order a heading, as follows: "Order creating a school district out of a portion of School District No. 28, Missoula and Lake Counties, State of Montana, said district to be known as School District No. 21." In her letter, Superintendent Boles asked that Superintendent Larson make the same additions to the order in her office or send it to Superintendent Boles, that she might make them. It appears that Superintendent Larson did the latter; that Superintendent Boles made like additions to the order sent her by Superintendent Larson and returned it to that official.

Thereafter, an appeal from that order to the boards of county commissioners of Lake and Missoula counties was taken by certain dissatisfied electors and taxpayers of District No. 28. The appeal was heard at a joint session of the boards, held at Polson. The result was that the commissioners of Lake county, at that time or soon thereafter, made an order reversing the order appealed from; that the commissioners of Missoula county refused to take action at that time and place but, at a later date and at Missoula, county-seat of Missoula county, made an order affirming the order appealed from.

Trustees for the supposedly created new joint district were appointed by the county superintendents of the two counties but it appears that they have never functioned. It appears further that the trustees of District No. 28 have refused to recognize the order of the two superintendents in undertaking to create a new district or their action in appointing trustees for the supposed new district and that the trustees of the old district have continued to exercise control over the schoolhouse

in the supposed new district and the school therein conducted.

March 21, 1927, the county superintendent of Lake county, the defendant herein, called a meeting of the trustees of District No. 28 and the trustees of the supposed new district, known as District No. 21, to be held March 28, 1927, "for the purpose of apportioning the moneys and adjusting the indebtedness between the aforementioned districts," and caused notice thereof to be served on all of the parties for whom the call was intended.

Thereupon, the plaintiff herein, District No. 28, brought this suit to enjoin the defendant from proceeding in the premises as indicated in her call for such meeting and to enjoin her from dividing with the supposed new district the funds of the plaintiff district or its property and from taking, with respect to the supposed new district, any and all action whatsoever which would in any manner withdraw from the plaintiff district any of its funds or other property.

The complaint alleges the foregoing narrated facts; also, that the petition for the creation of a new district was never presented to nor acted upon by the trustees of plaintiff district; that the order of the two county superintendents for the creation of a new district is wholly void and all of the proceedings relating thereto are void; that plaintiff district has large sums of money constituting its school funds, all of which are needed by it for the purpose of maintaining its schools; that it has much permanent property, real and personal, all of which is needed for the conduct of its schools; that defendant threatens to and, unless restrained, will divide such money and other property and deliver a part thereof to those assuming to be trustees of the supposed new district; that if plaintiff district should be thus deprived of a part of its money and other property the same would be dissipated and wholly lost to plaintiff, to its great and irreparable injury; that it has no adequate remedy at law. Some other necessary allegations are made. The complaint prays for appropriate injunction, equi-

368    School Dist. No. 28 *v.* Larson et al.    [Oct. T. '27

[80 Mont. 363.]

table relief and costs. With the complaint was filed and presented a motion for a temporary injunction.

An order to defendant to appear and show cause was issued and served, accompanied by a restraining order. At the appointed time, defendant appeared by counsel. At the same time appeared other attorneys, who stated that they appeared for District No. 21, represented to be the real party in interest. They asked to be allowed to file a plea in intervention, setting up the claims of that district or supposed district. It was allowed to be filed pro forma, to be passed upon and disposed of at the end of the hearing to be had. Thereupon, the plea in intervention was filed. It alleges what it represents to be the facts of the creation of what is denominated District No. 21. Such alleged facts do not differ materially from those alleged in plaintiff's complaint. It alleges further that the creation of the supposed new district is lawful and regular and that it is entitled to a portion of the money and other property held by plaintiff district and needs the same; that the trustees of plaintiff district wrongfully and illegally claim the right to exercise control over the schoolhouse situate in what is denominated District No. 21 and the school therein held. It admits that the petition for the creation of the proposed new district was not presented to the trustees of plaintiff district. It denies plaintiff district's right to the relief by it prayed for and asks that its complaint be dismissed and asks for other relief.

A hearing to the court was had. Plaintiff offered all of the evidence which was offered. There is no conflict in the evidence. The hearing left only questions of law to be decided by the court. It was agreed by counsel that the plea in intervention should be not only the plea of the intervener, denominated District No. 21, but should be deemed the answer of defendant; also, that the hearing should be deemed and should constitute a final trial of the merits of the cause and that the decision of the court should be a final decree and judgment in

the cause.    Thereupon, the court took the cause under advisement.

Thereafter, the court rendered its decree and judgment, sustaining the contentions of plaintiff; adjudging the order for creation of a new district to be wholly void and all proceedings relating thereto, void; adjudging the supposed District No. 21 to have no valid or legal existence; ordering dismissed the plea in intervention; and granting a permanent injunction as prayed for and other relief prayed for.    Defendant and intervener each appealed and they filed a joint brief and, by counsel, joined in the oral argument to this court. They assign a number of specifications of error, all to the same effect, i. e., that the trial court erred in rendering judgment for plaintiff.    The specifications of error and the briefs of counsel raise, for consideration, a number of questions.

The first question raised is: Should the petition have been [1, 2] presented to the trustees of the existing district? That question requires consideration of the statutes on the subject of creation of school·districts.

Section 1024, Revised Codes 1921, provides procedure for the creation of a new school district out of portions of two or more existing districts.    It provides that in such a case a petition therefor, signed by the parents or guardians of at least ten census school children, between the ages of six and twenty-one years, residing within the boundaries of the proposed new district and residing at a greater distance than two miles from any schoolhouse in which a school is maintained, shall be made to the county superintendent.    Then the county superintendent shall do certain things and shall grant or deny the petition.    An appeal may be taken from the superintendent's decision to the board of county commissioners.    Evidently, the section refers to the creation of a new district when all the territory involved lies in one county.

Section 1025, Revised Codes 1921, provides procedure for the creation of a new school district entirely out of a portion

80 Mont.—24

of an existing district—one district only. It provides that, in such a case, a petition therefor, signed by a majority of the school electors of that portion of the existing district out of which they desire to create a new district, shall be made to the board of trustees of the existing district. Then the trustees of the existing district shall do certain things and shall approve or deny the petition. An appeal may be taken from their decision to the county superintendent, who shall render a decision upon appeal, and from the superintendent's decision an appeal may be taken to the board of county commissioners.

Section 1035, Revised Codes 1921, treats of the creation of joint districts, those partly in one county and partly in another. It is as follows: "Joint districts (districts lying partly in one county and partly in another) may be formed in the same manner as other new districts are formed, except that the petition herein provided for must be made to the county superintendent of each county affected; but in the case of joint districts all of the provisions herein enumerated for the formation of a new district must be by concurrent action of the superintendent of each county affected."

As is seen, section 1035 is very brief and, in itself, is incomplete. Differing from the other sections mentioned, it does not, in itself, provide a complete plan of procedure. It refers to "the same manner as other new districts are formed." By that expression, evidently it refers to some provisions of either section 1024 or section 1025. All are in the same chapter of the Codes, Chapter 79, Political Code, which treats of school districts, their organization and formation. The three sections mentioned are the only sections of the Codes which can have any possible application to the issues of this case. Hence, it is inevitable that section 1035, for a part of its procedure, draws on either section 1024 or section 1025; which one, in a case such as this, is not plain. On that point, counsel for plaintiff have cited no authority; counsel for defendant and for intervener cite a number of cases from other juris-

dictions but none of them are applicable; all are based on statutes differing from ours and in all the facts are different from those here involved. The case of *State ex rel. Redman* v. *Myers*, 65 Mont. 124, 210 Pac. 1064, cited by counsel, is not applicable to the facts in this case.

However, be that as it may, in either event the action of the trial court must be upheld. The petition is the basis of the proceeding; it is jurisdictional. The petition herein recites that it is signed by a majority of the school electors residing within the boundaries of the proposed new district, as required by section 1025. It recites, also, that it is signed by the parents of more than ten school children, between the ages of six and twenty-one years, residing within the proposed new district.

If it is to section 1025 we must look for procedure, the petition is sufficient but the proceeding, in that event, was fatally defective, because the petition was not presented to the trustees of the existing district, as required by that section, and, therefore, the two superintendents could acquire no jurisdiction.

If it is to section 1024 we must go for procedure, the petition is fatally defective and the superintendents acquired no jurisdiction. True, the petition recites that it is signed by parents of more than ten school children, between the ages of six and twenty-one years, residing within the proposed new district, as required by section 1024, but that is not enough. It does not recite that all or any of them reside at a greater distance than two miles from a schoolhouse in which a school is maintained, as required by section 1024; nor is there any evidence to that effect; nor does the plea in intervention make any such allegation. That requirement is jurisdictional and the omission is a fatal defect. For aught the record shows, all of such parents and all of such children may live within two miles of a schoolhouse in which a school is maintained. In that event, they would not be entitled to a new district. Essential matters of that character must either appear in the petition or

372    School Dist. No. 28 *v.* Larson et al.    [Oct. T. '27

[80 Mont. 363.]

be proven as matter of evidence. (*State ex rel. Hall* v. *Peterson,* 55 Mont. 355, 177 Pac. 245.) Here, neither was done.

What evidence was produced at the hearing had before the [3] superintendents we have no way of knowing; but, if those officials, at the hearing conducted by them, exercised any *quasi*-judicial functions, they were of a limited and inferior character and no presumption is to be indulged in their favor. Certainly they had no greater dignity than has a justice's court and no presumption is indulged in favor of the jurisdiction of that tribunal (*Layton* v. *Trapp,* 20 Mont. 453, 52 Pac. 208) or the regularity of its proceedings. (*State* v. *Lagoni,* 30 Mont. 472, 76 Pac. 1044.) Everything jurisdictional must be made affirmatively to appear. The only record we have before us is that of the trial court in the case at bar. There the legality of the order of the superintendents is attacked and defended and we find nothing in the record to supply this jurisdictional requirement. Essential requirements of the statutes must be followed in order to create a school district. (*Green Mountain Stock Ranching Co.* v. *Savage,* 15 Mont. 189, 38 Pac. 940; 35 Cyc. 835, 837, 842 and cases cited.) It follows that, under section 1024, the order made by the superintendents was made without jurisdiction.

The decree of the trial court holds that the order of the superintendents was and is wholly void. The decree does not state on what ground it is so held and it is not necessary that it should. In a case of this character, under the existing circumstances, upon such a decree, the decision of the trial court must be upheld if it can be done on any ground appearing in the record. (*Ebaugh* v. *Burns,* 65 Mont. 15, 210 Pac. 892.) In any event, the order of the superintendents was void.

Having arrived at that conclusion, it is not necessary to consider any other of the questions raised, except the last, viz.: Is this form of action a proper and appropriate remedy?

When a pretended or purported public corporation is neither [4] a corporation de jure nor de facto but a nullity, its

existence may be attacked collaterally. (*Green Mountain Stock Ranching Co.* v. *Savage*, supra; *Henderson* v. *School District No. 44,* 75 Mont. 154, 242 Pac. 979; *Las Animas & San Joaquin Land Co.* v. *Preciado,* 167 Cal. 580, 140 Pac. 239; *Williams* v. *Lee,* 132 Miss. 499, 97 South. 14.) As to the legality of their organization, assumed public corporations may be classified as corporations de jure, corporations de facto and those which, though claiming existence, are void. (*Henderson* v. *School District No. 44,* supra.) A school district is a public corporation. (*State ex rel. School District No. 28* v. *Urton,* 76 Mont. 458, 248 Pac. 369.) We have held the intervener not a corporation de jure, because it has no legal existence. It is not even a corporation de facto, because the record shows that the persons who were designated as trustees of the assumed new district have never functioned as such and that the supposed new district has not attempted to exercise any prerogative but that plaintiff district has continued to exercise jurisdiction and control, as though no attempt had been made to create a new district. Holding the assumed new district to be a nullity, we hold this proceeding a proper and appropriate remedy.

As to the merits of this appeal, we have said all that is necessary but we feel impelled to add that, as to the correct procedure in an undertaking to create a new joint school district, to be taken wholly from the territory of one existing district, such as in this instance, the statutes are in a conflicting and unsatisfactory state; indeed, there appears room for much doubt if the confusing provisions, as they now are, can be made workable at all, without judicial legislation. This court is not now prepared to say what is the correct procedure, if there be any; at least its members are not in accord in their views, so far as they may have any. The situation calls for legislative attention. The legislature, at its next session, should clarify the situation and make plain and simple the procedure, from beginning to end.

We hold the trial court did not err in dismissing the plea in intervention and rendering judgment for plaintiff. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.

Rehearing denied November 16, 1927.