STATE EX REL. HALL, APPELLANT, *v.* PETERSON ET AL., RESPONDENTS.

(No. 4,271.)

(Submitted December 3, 1918. Decided December 16, 1918.)

[177 Pac. 245.]

*Schools and School Districts—Creation—Petition—Sufficiency— Appeal—Notice of Appeal — Filing — Board of County Commissioners—Powers.*

Schools and School Districts—Creation—Petition—Sufficiency.
1. Petition for the creation of a new school district out of an existing one, under section 405, Chapter 76, Laws 1913, need not formally allege that the proposed new district is part of the one out of which it is sought to be created.

Same.
2. Failure of a petition of the nature of the above to recite that there was more than one schoolhouse in the district from which the new one was to be segregated, and that the petitioners resided within the confines of the latter, did not render it insufficient.

Same—Petition—How to be Construed.
3. A petition for the creation of a new school district under section 405, Chapter 76, Laws 1913, is not a pleading the contents of which are subject to critical legal analysis to determine its sufficiency; but is sufficient to confer jurisdiction upon the board of school trustees if it clearly indicates the desire of a majority of the school electors residing in the proposed new district for segregation, and describes its boundaries.

Same—Notice of Appeal—Sufficiency.
4. Since section 405, *supra,* does not require that the notice of appeal from the decision of the board of trustees to the county superintendent of schools, or from the decision of the superintendent to the board of county commissioners, shall state that appellants are resident taxpayers, absence of such allegation does not render the appeal ineffectual.

Same—Residence of Petitioners—How determinable.
5. The residence of school electors who appeal from a decision of the superintendent of schools in the matter of their petition for a new school district, if called in question, must be determined by proof, not by assertion to that effect in their petition.

Same—Notice of Appeal—Failure to File—Effect.
6. Section 405, Chapter 76, Laws 1913, does not provide for filing of the notice of appeal required of school electors who are dissatisfied with a ruling of a county superintendent in the matter of the creation of a new school district; hence failure to file such notice with the clerk of the district or with the school board did not render the appeal ineffectual.

Same—Creation—Appeal.
7. An appeal lies from the decision of the board of school trustees denying a petition for the creation of a new school district presented under section 405, Chapter 76, Laws 1913.

Same—Appeal—Power of Board of County Commissioners.
  8. Upon appeal to it from a decision of the county superintendent of schools denying a petition for the creation of a new school district, asked for under section 405, Chapter 76, Laws 1913, the board of county commissioners is vested with plenary power to create the district.

*Appeal from District Court, Missoula County; R. Lee Mc-Culloch, Judge.*

APPLICATION by the State on the relation of H. G. D. Hall for writ of *certiorari* to annul an order of the board of commissioners of Missoula County, creating a new school district out of District No. 28. From the judgment refusing the writ and dismissing the proceeding, relator appeals. Affirmed.

*Mr. Chas. A. Russell* and *Messrs. Madeen & Cameron,* for Appellant, submitted a brief; *Mr. Russell* argued the cause orally.

The petition was insufficient to confer jurisdiction on the board of school trustees of School District No. 28. If it is insufficient, the board never acquired jurisdiction, and it follows that neither the county superintendent nor the board of county commissioners acquired jurisdiction of the pretended appeal (See 35 Cyc. 834; *School Trustees, etc.,* v. *People,* 71 Ill. 559; *Webb* v. *People,* 11 Ill. App. 358; *In re Mount Pleasant Township* v. *Independent School District,* 10 Pa. Mo. Ct. R. 588; *Stephens* v. *School District,* 104 Ark. 145, 148 S. W. 504; *School District No. 44* v. *Turner,* 13 Okl. 71, 73 Pac. 952; *Dartmouth Sav. Bank* v. *School Districts Nos. 6 and 31,* 6 Dak. 332, 43 N. W. 822; *Trustees of Schools* v. *People,* 121 Ill. 552, 13 N. E. 526; *Whitmire* v. *State* (Tex. Civ.),47 S. W. 293).

*Mr. Fred R. Angevine, Mr. Dwight N. Mason* and *Mr. L. C. Bolton,* for Respondents, submitted a brief; *Mr. Bolton* argued the cause orally.

MR. JUSTICE PIGOTT delivered the opinion of the court.

This is an appeal from a judgment denying a writ of *certiorari* and dismissing the proceeding in that behalf. It arises

out of the effort of certain persons to bring about a division of School District No. 28 in Missoula county. The statute under which the steps were taken is section 405 or Chapter 76 of the Session Laws of 1913, reading thus: ''Whenever any school district has more than one schoolhouse, and the school electors residing in any particular portion of said district, in which portion there is a schoolhouse, desire a division of said district, they shall present a petition in writing to the board of trustees of said school district, signed by a majority of the school electors of that portion of said school district out of which they desire to create a new school district which petition shall describe the boundaries of the proposed new school district. The board of trustees of said district at any regular meeting or at any special meeting called for that purpose, may approve or deny the said petition in their discretion and shall enter their approval or denial upon the minutes of said meeting and transmit the original petition together with a certified copy of the minutes of said meeting to the county superintendent of schools. If the board of trustees of said school district shall approve of the division of said school district, and no appeal is taken from their decision as herein provided, the county superintendent of schools may thereupon make an order establishing such new district and defining its boundaries. Any three resident taxpayers of either the old or new district may within thirty days appeal from the decision of the said board of school trustees to the county superintendent of schools and may, within thirty days appeal from any decision or order made by the county superintendent of schools to the county commissioners whose decision shall be final.''

The petition recited that the persons who signed it were a majority of the school electors and resident freeholders in the territory which they sought to have created into a new district; it described the boundaries of the proposed new district; it stated that there was then standing on the territory of the proposed new district a schoolhouse of sufficient size and well located in respect of the school population; and that the assessed

value of the property within the proposed new district was then over $20,000 and on or before January 1, 1918, would exceed $40,000; it stated that there were then living in that territory twenty-eight children of school age; and the petitioners prayed that the new district be created. The petition was presented to the board of trustees of School District No. 28, which on September 21, 1917, heard the petition and after investigation and consideration denied it on the merits. On October 8 following, sixteen persons, describing themselves as resident freeholders and electors of the territory embraced within the proposed new district, fourteen of whom had signed the petition, served on the board notice of their appeal from its decision to the county superintendent of schools, in whose office the notice was filed on October 24, 1917. The superintendent of schools considered the petition on its merits and denied it, and thereupon resident taxpayers to the number of fifteen, all, or at least a majority, of whom had signed the petition for the division and also the notice of appeal from the board of trustees of the school district to the county superintendent, gave notice to the superintendent of their appeal from her decision to the board of county commissioners of Missoula county, which board heard the appeal, trying the petition on its merits and taking evidence for that purpose. After investigation and consideration of all the facts, the board granted the petition and ordered that the proposed new district be created. Afterward it refused a rehearing. Upon these facts, which were disclosed by the record certified to the court below, the relator applied for the writ of *certiorari* to annul the order of the respondent board. Judgment was entered refusing the writ and dismissing the proceeding, and relator appeals.

The relator insists that the statutes under which the steps were taken for the creation of the new district are sections 404 and 405 of Chapter 76 of the Laws of 1913; but it is manifest that the petition was prepared and presented, and that all the proceedings were taken, under section 405.

The following are the chief contentions urged by relator for reversal:

1. That the facts set forth in the petition to the board [1] of school trustees were insufficient to clothe the board with jurisdiction, for the reason that the petition did not show that the territory sought to be created into a new district was any part of School District No. 28. Suffice it to say that the petition is addressed to the board of school trustees of District No. 28 in Missoula county, and describes by reference to section lines, as well as courses and distances, the boundaries of the proposed new district, and it was not necessary that the petition should state formally in set terms that the proposed new district was a part of District No. 28. The section does not prescribe that such a statement shall be made in the petition. Whether or not the territory sought to be set apart as a new district was part of District No. 28 presented a matter of fact; if not a part of District No. 28 the petition would, of course, be futile. The petition was addressed to and was to be acted upon by the board of school trustees of District No. 28, and it was for the board to ascertain whether the territory described constituted part of its district.

2. That the petition did not allege that there was more than [2] one schoolhouse in District No. 28, and did not allege that the petitioners resided in that district. But the petitioners alleged that they resided in the described territory which was sought to be segregated from District No. 28, and the board of school trustees knew, or could readily have ascertained, whether that territory was part of the school district. Nor was it necessary that the petition should have alleged that the district had more than one schoolhouse, for the statute does not require it to contain such statement. Whether there was more than one such house in that district presented a question of fact for the determination, in the first place, of the board of school trustees when it came to consider the petition.

The petition is not a pleading. Its sufficiency is not to be [3] tested by subjecting its contents to analysis by the trained

legal mind searching for, or bent on discovering, defects; nor are its averments to be construed against those who have signed it. Statutes such as the one here involved have been fashioned broadly and without regard to technical nicety, the purpose being to serve the vital interests of the public. It was not contemplated or purposed that such a statute should be taken into the closet and there subjected to critical scrutiny and microscopically minute examination in the hope or expectation of revealing occult meanings different from those fairly apparent from the language used and contrary to the general design of the law-making power. If the attacks here made upon the petition be sufficient to destroy its life, few, if any, petitions for the creation of a school district out of an existing district will ever serve any purpose unless competent lawyers be employed to draft them. The design and intent of the statute is that the board of school trustees of the district from which is sought to be carved a new district, shall be notified by the petition of a majority of the school electors residing in the proposed new district of their wish for segregation, and that when the petition clearly indicates such desire and describes the boundaries of the proposed new district, the board of school trustees shall thereby acquire jurisdiction to hear and determine the matter. In the present instance the petition was sufficient for the purpose of conferring jurisdiction upon the board.

3. That the attempted appeal from the decision of the board [4] of trustees to the county superintendent of schools was ineffectual and void for the reason that the appeal was not taken by resident taxpayers, and was not filed as required by law.

As to the contention that the appeal was not taken by taxpayers it is perhaps enough to say that the contention is not supported by the record, for the notice of appeal to the county superintendent of schools recites that the appellants are resident freeholders and school electors of that portion of the district sought to be segregated, and in the notice of appeal from the decision of the county superintendent of schools to the board of county commissioners those signing the notice of appeal describe

themselves as resident taxpayers of the district sought to be segregated, more than three of whom were among those signing the notice of appeal from the board of school trustees to the county superintendent of schools. It therefore appears upon the face of the record that both appeals were taken by persons who declared themselves to be resident taxpayers. But this is not of great moment, for the statute does not require in either [5] that the notice of appeal shall state that the appellants are resident taxpayers, for whether they be such or not is, if the issue be raised, a matter of proof, not of assertion. This seems to be clear, but the case of *Anderson* v. *County of Meeker,* 46 Minn. 237, 48 N. W. 1022, supports the conclusion announced.

While the appeal from the decision of the board of trustees [6] to the county superintendent of schools was taken within the thirty days prescribed by section 405, it does not appear whether or not the notice of appeal was filed either with the clerk of the district or with the board. It was, however, duly served upon the chairman of the board within the time allowed by law, and was filed with the county superintendent three days after the expiration of that time. The statute nowhere makes provision for the manner in which an appeal shall be taken, nor is there provision that the notice of appeal shall be filed. The purpose of the statute is to allow an appeal from the decision of the board to the county superintendent, and from him to the board of county commissioners, to the end that the petition may be heard,—if three or more taxpayers affected so desire,—by these tribunals and officer in the order mentioned, and that any notice of appeal served within thirty days which shall be sufficient to give information to the board or officer whose decision is appealed from of the fact that such appeal is taken, will be sufficient to perfect the appeal, whether or not the notice of appeal be filed within thirty days or filed at all.

4. That no appeal is provided for or lies from the decision [7] of the board of school trustees denying a petition presented under section 405. This contention is also without merit, for the statute provides that "any three resident taxpayers of

either the old or new district may within thirty days appeal from the decision of the said board of school trustees to the county superintendent of schools and may, within thirty days appeal from any decision or order made by the county superintendent of schools to the county commissioners whose decision shall be final''; so that an appeal does lie from such decision. The purpose of the section as to appeals is commented on in paragraph 4 of this opinion.

5. That the board of county commissioners has no power or [8] jurisdiction to create new school districts. But this denial of power is refuted by the section itself. Upon appeal under section 405 from the decision of the board of trustees to the county superintendent of schools, the latter does not act as a court or judge sitting for the review of errors, but takes the matter presented by the petition and tries it *de novo* upon the merits; the board of county commissioners in considering an appeal from the county superintendent of schools, likewise tries and determines the matter *de novo* upon the merits and not as a court or tribunal for the correction of errors; upon such appeal plenary power is thus vested in the board of county commissioners to create a new school district, and its decision is declared to be final. The sole question to be decided by each tribunal or officer is: ''Shall the proposed new district be created?''

The board of trustees, the county superintendent of schools and the board of county commissioners, severally, having had jurisdiction of the petition for the creation of the proposed new school district, and not having exceeded such jurisdiction, the court below did not err in dismissing the proceeding. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.