STOCKGROWERS' FINANCE CORPORATION, RESPONDENT, *v.* NETT, APPELLANT.

(No. 6,822.)

(Submitted October 10, 1931. Decided January 30, 1932.)

[7 Pac. (2d) 540.]

336

*Mr. Wellington D. Rankin* and *Mr. Arthur P. Acher,* for Appellant, submitted a brief; *Mr. Acher* argued the cause orally.

*Mr. George W. Padbury, Jr.,* and *Messrs. Freeman, Thelen & Freeman,* for Respondent, submitted a brief; *Mr. James W. Freeman* argued the cause orally.

HONORABLE LYMAN H. BENNETT, District Judge, sitting in place of MR. JUSTICE ANGSTMAN, disqualified, delivered the opinion of the court.

This is an appeal from a judgment for attorneys' fees and certain incidental expenses upon a promissory note secured by a chattel mortgage given by the defendant and appellant herein to the assignor of plaintiff and respondent, and a decree foreclosing the mortgage.

Before the institution of the present action, the defendant herein had sought an injunction against a sale of certain of the property included in, and covered by, the chattel mortgage, which sale was then noticed pursuant to the power of sale included in the mortgage. In the former cause, the injunction was denied by the trial court, and the plaintiff therein took an appeal to this court, where the judgment was affirmed. (See *Nett* v. *Stockgrowers' Finance Corp.*, 84 Mont. 116, 274 Pac. 497.) Thereafter the plaintiff herein abandoned its proceedings under the power of sale and brought this action. Defendant herein answered, contending, both in the lower court and upon this appeal, that, since the plaintiff had had an opportunity in the former action to litigate the question of attorneys' fees and to foreclose its mortgage, it is barred from maintaining this action. The lower court having entered judgment and decree in favor of the plaintiff, the defendant prosecutes this appeal.

In her brief, defendant makes this statement: "The only question involved is whether or not the plaintiff is foreclosed of the right to bring this action, having had the opportunity to litigate the matters here in issue in the previous case before this court."

In the opinion upon the appeal of the injunction proceeding which has been referred to, and upon which the defendant herein bases her contention that the plaintiff is foreclosed or barred from maintaining this action, the court by way of argument upon the general proposition of the right of a mortgagor to litigate the question of attorneys' fees, where the

power of sale included in the mortgage is being exercised, outlined the form of the action, whereunder the trial court sitting in equity would take jurisdiction of the entire case and adjudicate all matters pertaining thereto. Having stated very definitely that such an action by a mortgagor was based upon a tender of what the mortgagor considered a reasonable fee, and a refusal of the tender by the mortgagee, the court added: "Here, however, the plaintiff does not contest the reasonableness of the charge made, but asserts that no fee whatever was due. * * * *As plaintiff neither paid nor tendered any amount as a reasonable attorney's fee and a fee was then due the payee, she was not entitled to injunctive relief.*" (Italics supplied.) (See *Nett* v. *Stockgrowers' Corp.*, supra.)

The answer of the defendant in this action shows that the judgment in the former case merely dissolved an injunction *pendente lite*, denied the permanent injunction prayed for, dismissed the case on the merits, and gave the defendant there, plaintiff here, judgment for costs and disbursements. In the absence of any proper evidence showing to the contrary—and from the statements in the opinion of this court upon the former appeal we think there was none which could be produced—we are controlled by the provisions of section 10561, Revised Codes of 1921, which limits our inquiry as to what was adjudicated to what appears upon the face of that judgment. We are aware of the rules which sometimes permit a showing beyond the face of the judgment of what transpired. We are, however, faced with a record which does not contain anything beyond the formal documents included in the judgment-roll; no bill of exceptions being included. Certainly, if anything affecting this situation did transpire, it was the duty of defendant to show it affirmatively. (See *Downs* v. *Nihill*, 87 Mont. 145, 286 Pac. 410.)

Based both on the absence from the judgment-roll of anything showing to the contrary, and the expressions found in the opinion upon the appeal of the former case, we are constrained to conclude that the only issue which was tendered by the complaint in the former proceeding was the one as to

whether or not there was anything due to the mortgagee at the time the action was brought. If nothing had been then due, plaintiff therein would have been entitled to the injunction prayed for; something having been due, she was not so entitled. All the mortgagee had to show to avoid the injunction was that some amount was due; the exact amount was immaterial.

In the light of that situation, we think that the author ▮▮▮ of the passage appearing in 15 Cal. Jur., section 206, at page 164, states the correct rule governing this case. There it is said: "Where the precise extent of a party's alleged right or title is not material to his claim or defense, a judgment in his favor predicated on such a right or title is not conclusive either for or against him as to the exact limits in a subsequent action on a different cause of action wherein the same right or title comes in question, except to the extent necessary to authorize judgment." And see *Campbell* v. *Consalus*, 25 N. Y. 613, and *Sloan* v. *Byers*, 37 Mont. 503, 97 Pac. 855, where we deem the facts and conclusions typical of the proper application of the rule.

We cite the New York case because of its similarity to the case at bar. There, an action to foreclose a mortgage, the defense was that an action had been formerly prosecuted by the mortgagor to secure the cancellation of the mortgage on the ground that the debt had been paid, and that, since there had been a finding by a referee as to the amount which was due, that finding was conclusive. The court showed that the issue in the cancellation action was answered by the showing that some balance was still due, and that the rule *res adjudicata* was not effectual.

Here the mortgagor, the defendant in the instant action, seeks the application of the rule which is often stated thus: "An adjudication is final and conclusive not only as to the matter actually determined, but as to every other matter which the parties *might have litigated* [italics supplied] and have decided as incident to or essentially connected with the subject matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to

matters of claim and of defense.'' (See Freeman on Judgments, 5th ed., sec. 674, p. 1421, and *State ex rel. Golden Valley County* v. *District Court,* 75 Mont. 122, 242 Pac. 421.)

We have given careful consideration to this statement because of its apparent all-inclusiveness. However, one does not have to read far in the discussions of the law of *res adjudicata* to find that, notwithstanding the breadth of that assertion, the situations which warrant its application are in fact not so frequent of occurrence as might be believed from the language used.

Immediately following the quotation from Freeman on Judgments we find the author saying: ''Properly applied and within certain limits this statement is substantially accurate, but like all attempts to condense the doctrine of *res adjudicata* into a single sentence, it omits important qualifications,'' and in the succeeding section (sec. 675) of this same work, the discussion proceeds: ''Even in those cases to which it is applicable the general expression often found in the reports, that a judgment is conclusive of every matter which the parties *might have litigated* [italics ours] in the action, is misleading. What is really meant by this expression is, that a judgment is conclusive upon the issues made or tendered, and so far as those issues are concerned, everything which might have been urged for or against them.'' Later on in the same connection we find this pertinent proposition: ''The plaintiff is under no obligation to tender issues not necessary to support his cause of action, *nor is the defendant required to meet issues not tendered by plaintiff. * * * *'' (Italics ours.) (See Freeman on Judgments, 5th ed., secs. 674 and 675.) Also, see *In re Smith's Estate,* 60 Mont. 276, 199 Pac. 696, where some of the limitations upon the general statement are discussed.

We might leave off the discussion at this point, but our investigations have not stopped with our conclusions which we have stated. We therefore feel called on to point out some other matters to which we have given close attention. One of these is the situation which called forth the adoption of the

general statement in the decision of *State ex rel. Golden Valley County* v. *District Court,* supra. A reading of that case will disclose that the court was in fact passing upon the question of divisibility of a cause of action in mandamus, where plaintiff had attempted to reserve for future determination the damage features incident to, and essentially connected with, the failure of respondent to perform a ministerial act. Having correctly concluded that the action was not divisible, the statement became pertinent.

Another phase of the entire problem came into consideration with the determination of the effect of sections 9138, 9139, and 9144 of the Revised Codes of 1921, upon the case at bar. These sections deal with the questions of defenses and counterclaims, section 9144 providing that certain causes of action coming within the counterclaim statute are barred unless so interposed. The case of *Friedrichsen* v. *Cobb,* 84 Mont. 238, 275 Pac. 267, clearly lays down the rule that such a cause of action as is set out in plaintiff's complaint herein would not have been available as a counterclaim in the former action for injunction.

Incident to the consideration of the "might have been litigated" contention of defendant, we concluded that under the provisions of section 9151, Revised Codes of 1921, relating to cross-complaints, the plaintiff had the option to have the entire matter adjudicated, even with the issues tendered as the present defendant tendered them in the former action. There is, however, nothing in that last-cited section or elsewhere which required the interposition of such a cross-complaint in that action. In the same passages from Freeman on Judgments, cited above, there appears this further statement: "Where one has the option to litigate a particular matter in an action, the fact that he might but did not litigate it does not make the judgment a bar to his right to subsequently do so." See, also, an extensive annotation appearing in 8 A. L. R., where at page 694 it is stated as a general rule that "a defendant, having a claim available by way of set-off, counterclaim, or cross petition, has an election so to plead it, or to reserve it for a future independent action, and a prior

action in which a claim might have been asserted as a set-off, counterclaim, or cross petition is no bar to a subsequent independent action thereon."

This last citation includes, as exceptions to that "general rule," those cases based upon counterclaim statutes similar to or identical with those of our Codes to which we have adverted. We have pointed out the reason why the instant case did not fall within that classification.

From the record as it is before us, we are of the opinion that the issues tendered by the complaint in the former action did not require the determination of, and that the court would not have been warranted in making and did not make, any finding as to the precise extent of the right of the plaintiff therein, and that the plaintiff was not foreclosed of the right to bring this action by either the general rules of *res adjudicata* or by any rule auxiliary thereto.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.