SWAIM, Appellant, *v.* REDEEN, County Superintendent of
Schools, Respondent.

(No. 7,475.)

(Submitted January 14, 1936.  Decided February 14, 1936.)

[55 Pac. (2d) 1.]

522

*Mr. J. J. McIntosh,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. E. E. Fenton* and *Mr. F. V. Watts,* for Respondents (Interveners), submitted a brief; *Mr. Fenton* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

This is an appeal from a judgment of the district court of the sixteenth judicial district of the state of Montana dismissing plaintiff's complaint seeking to enjoin the county school superintendent of Rosebud county from issuing an order "consolidating by annexation" school district 22 of Rosebud county with school district 64 of Musselshell county. The facts are substantially as follows:

July 16, 1934, a petition was filed in the office of the superintendent of schools of Rosebud county petitioning the superintendent to call an election under the provisions of section 1034, Revised Codes of 1921, to pass upon the question as to whether or not school district 22 of Rosebud county should be "annexed by consolidation" to district 64 in Musselshell county and thus create a joint district. July 25 the superintendent of schools of Rosebud county, "acting jointly with the superintendent of Musselshell county," caused to be prepared and posted notices of election calling an election for the purpose of determining whether a majority of the voters of the two school districts were favorable to such consolidation. In accordance with such notices an election was held in the respective districts on August 7, 1934, and as a result of the election a majority of those who voted were favorable to the consolidation. The joint action of the two superintendents in giving notice of the election was taken between 1:30 and 2:30 P. M. July 25, 1934. At 3 o'clock P. M. on the same day a number of deeds were filed for record in Rosebud county increasing the number of the resident freeholders in school district 22, and such increase, when compared with the whole number in the district, reduced the number of freeholders whose names appeared on the petition below the number required by statute necessary to justify the superintendent in posting the notices calling the election as prayed for. The other statutory requirements preceding the election were carried out and the election was held on August 7, 1934, with the result as heretofore stated. September 11 E. E. Moul-

ton, a resident and taxpayer in district 22 of Rosebud county, filed a complaint in the district court reciting the facts leading up to the election and the result of such election, and alleging that, unless restrained, the superintendent of Rosebud county would issue the order consolidating the district, and alleging certain irregularities which will be presently adverted to, and that if such consolidation were made effective it would result in confusion, multiplicity of litigation, and would be detrimental to the schools of Rosebud county and the "welfare of the pupils." No personal interest was alleged in the matter. The cause was heard September 24 before the court, taken under advisement, briefs were submitted, and on March 22, 1935, the court filed its order dismissing the action. From that judgment the action was appealed to this court, and on motion of the defendant it was dismissed here for want of prosecution.

March 7, 1935, the plaintiff in the action at bar, another resident freeholder of district 22, filed his complaint, prayed for a restraining order and an order to show cause which were allowed, and March 22, 1935, was set for hearing on the order to show cause. In order to keep the procedural facts clear in regard to the *Moulton Case* and the case at bar, attention is called to the fact that the judgment dismissing the *Moulton Case* was not filed until March 22, 1935, but it appears from the record that the judgment of dismissal in that case was made and dated by the court on October 13, 1934, but for some reason that does not appear in the record that judgment was not filed until the date mentioned. The action at bar was heard "on the merits" March 22, 1935, and on April 18, 1935, the court filed its judgment dismissing the action. The appeal is from the judgment.

By stipulation the board of trustees of school district 64 of Musselshell county and the superintendent of that county were allowed to intervene and duly filed their complaint in intervention, and the interveners appear to be the real respondents here. The defendant merely filed his answer in the district court, setting up the facts but alleging, on information and belief, that he was not without jurisdiction to issue the order

consolidating the districts and that, if not restrained by an order of court, he would sign the order of consolidation, but alleging that he sustained a neutral and unprejudiced position in the matter and awaited the court's advice as to his duty in the premises.

The first question to determine arises from the interveners' ▮▮ plea of *res adjudicata*. They allege that the decision of the trial court in the *Moulton Case* is a bar to this action. Counsel for interveners argue that the decision in that case is a bar to this action in its entirety, but that if it be found that it is not a bar to this action, it is a bar to the issues raised and determined in the *Moulton Case,* which are again raised by the pleadings here. We think the first contention is in harmony with the general rule, but that the second cannot be sustained and obviously the trial court entertained similar views.

The complaint in the *Moulton Case* and in the case at bar are substantially duplicates down to and including the phrase in paragraph 8 of the complaint in the case at bar that ends on line 21 of the complaint in the record with the words ''Section 1935, supra.'' The rest of paragraph 8 contains allegations that raise an issue that was not brought out in the Moulton action, and is in the following words: ''And that said defendant is further without jurisdiction on the face of said petition to make said order for the reason that said petition does not disclose that the persons who signed the same were qualified to vote at school elections at the time they signed said petition.'' Paragraph 9 of the complaint in the case at bar is substantially the same as paragraph 10 in the *Moulton Case.* Paragraph 10 of the complaint in the case at bar is not in the Moulton complaint at all. This last-mentioned paragraph raises the issue on the power of the superintendent to issue the order of consolidation on the ground that such order was not made within ten days immediately following the election.

The court's conclusion No. 4 in the *Moulton Case* upon which the court's decision was founded in part is ''that there was no issue presented in this case as to the qualification of petitioners

to vote at the school election, and for that reason this question need not be considered here." To the interveners' plea of *res adjudicata* in the case at bar the court said in its order dismissing this case: "The complaint in this action is practically the same as in the Moulton action except there are two additional propositions, (1) that the petition asking for a consolidation by annexation is insufficient in that it fails to state that the signers thereof are qualified to vote at school elections; and (2) that the defendant is without jurisdiction to make the order of consolidation inasmuch as 10 days have elapsed since the result of the election." Further along in the decree the court said: "The contention is made by the interveners that the decision in the *Moulton Case* is decisive here. However, we need not pause to consider this question by reason of our views on the merits. It is doubtful in any event whether judgment in that case would be conclusive here as to an issue expressly reserved. 34 C. J. 906." It is thus apparent that the court construed what is said on this question in the *Moulton Case* as a reservation of that issue and as not conclusive on that question here. We think that is correct.

The issues raised and decided in the *Moulton Case* that are again alleged and argued in the case at bar are: (1) That the procedure followed by the defendant does not apply to "consolidation by annexation" of two school districts lying in different counties, and for that reason the superintendent did not acquire jurisdiction; (2) that the superintendent is further without jurisdiction to make the order for the reason that the petition was executed "without the formalities required by section 1034 and was not signed or acknowledged by a majority of the resident freeholders of school district 22 of Rosebud county." The new issues raised are the two heretofore mentioned.

The necessary prerequisites to the application of the rule of *res adjudicata* are fully set out in the recent case of *State ex rel. Sullivan* v. *School District No. 1 of Silver Bow County*, 100 Mont. 468, 50 Pac. (2d) 252, and that case is decisive here on the question of parties and the subject-matter of the action.

That case, however, does not deal with a case such as here, where certain issues were raised and decided in the original case and were also raised along with new issues in a subsequent case. It is the general rule that the issues raised and decided in the original case are barred under proper pleadings and proof in any subsequent case, and the plaintiff's action here can be sustained, if at all, only upon the new issues raised as heretofore mentioned. This question is fully considered and determined adversely to interveners' contention in the case of *Charles E. Harding Co.* v. *Harding*, 352 Ill. 417, 186 N. E. 152, 88 A. L. R. 563; see, also, cases cited in note, 88 A. L. R. 574.

The defendant, however, raises the further question on this phase of the action that the new issues here could have been raised in the original action, and for that reason are barred in the subsequent action. The decisions on this point are not clearly in harmony. There can be no question that the new issues raised here could have been raised and decided in the original action as well as here, and that the above rule, frequently laid down, is correct with the modification announced in *Susi* v. *Davis*, 133 Me. 354, 177 Atl. 610, 612, 97 A. L. R. 1222, where it was said: "The expression that a judgment is conclusive not only as to subject-matter, but also as to every other matter that was or might have been litigated, means that a judgment is decisive upon the issues tendered by the proceeding." This interpretation of the rule is substantially the same as in the case of *Stockgrowers' Finance Corp.* v. *Nett*, 91 Mont. 334, at p. 342, 7 Pac. (2d) 540; see, also, *Harding Co.* v. *Harding*, supra; *Genard* v. *Hosmer*, 285 Mass. 259, 189 N. E. 46, 91 A. L. R. 543.

We are, therefore, of the opinion that the plaintiff is barred from raising all the questions involved and decided in the *Moulton Case*, and that the questions mentioned by the trial court in the order of the dismissal of the action at bar are the questions to be solved here.

The first of these questions is on the plaintiff's contention that the petition was not signed or acknowledged by a ma-

jority of the resident freeholders of school district 22 of Rosebud county. That part of section 1034, Revised Codes 1921, pertinent to this question is: "Whenever the county superintendent of schools receives a petition signed and acknowledged by a majority of the resident freeholders of each district affected, qualified to vote at school elections, praying for consolidation, he shall within ten days cause a ten days' posted notice to be given by the clerk in each district, such notice to be posted in three public places, in each district, of an election in such district at a time and place specified in each notice to vote on the question of consolidation."

The proceedings in district 64 of Musselshell county are not contested and could not be in this proceeding, and our consideration of the questions involved are confined to district 22 of Rosebud county. A copy of the petition is set out in the record, showing that it was duly acknowledged. It is addressed to the superintendents of the two counties, and gives the names of the signers in the respective counties under separate and appropriate headings. The acknowledgments of the signers in the two counties are taken separately by different notaries. The first paragraph of the petition is as follows: "We, the undersigned freeholders, consisting of the majority of the freeholders residing in school district No. 22 in Rosebud county, Montana, and school district No. 64, in Musselshell county, Montana, respectively petition your respective offices," etc.

The sole ground of plaintiff's attack is that the petition does not contain a majority of the resident freeholders of district 22. It is admitted that the petition did contain the signatures of a majority of the resident freeholders of record of the district when it was filed and up until 3 o'clock P. M., July 25, 1934, but by reason of the recording on that date of the deeds heretofore mentioned, the number signing was reduced below the number required by statute. This brings up the question as to the time within which the superintendent may legally post the notices calling the election. It will be noted that the statute heretofore quoted (section 1034) commands the superintendent to

cause notices of election to be posted within ten days after the petition is filed. We think this means that the ten days mentioned is the time allowed a superintendent in which to act voluntarily, and not a limitation on the time within which the election notices may be posted. The petitioners are the ones who pray that such action be taken. They have no power to direct that notices be posted, and the rule fixing the time in which a pleading must be filed to avoid default, or real property be redeemed, and the many other statutory provisions giving the time in which to act, does not as a matter of construction apply here. The superintendent has ten days' time within which to perform an official duty. He may act the first day or the last day, or any day of the ten. If he fail to act within the ten days he may be compelled to act by mandamus, but mandamus would not lie until the full ten days had expired after the petition was filed. (State v. Consolidated Independent School District, 195 Iowa, 637, 192 N. W. 5.) Our opinion is that the superintendent could cause the notices to be posted any time within the ten days. The superintendent acquired jurisdiction of the matter when the petition was filed. (Ramsey v. County Commissioners of Payne County, 149 Okl. 289, 300 Pac. 389; Smith v. Blairsburg Independent School District, 179 Iowa, 500, 159 N. W. 1027.) We have found no state where the statutory provisions relating to questions similar to those involved here are like our own, and the cases just cited are given more for the general reasoning applied to similar questions than for exactness in the decision as applied to the facts here and to our statute.

The petition was filed in the action at bar July 16, 1934. The order calling the election or directing that notices of election be posted was made between 1:30 and 2:30 P. M., July 25th. Some two hours thereafter, or at 3 o'clock P. M., the same day, the deeds heretofore mentioned were filed for record so that the number of resident freeholders was increased to the extent that the petition did not contain a majority of such freeholders at that time. The deeds were filed after the election had been

ordered and came too late to alter the required number of signatures on the petition. A statutory provision relating to elections may be mandatory if some proceeding be attacked in advance, and directory only thereafter. (*Shekelton* v. *Toole County*, 97 Mont. 213, 33 Pac. (2d) 531; *Chicago, Milwaukee, St. Paul & P. R. R. Co.* v. *Fallon County*, 95 Mont. 568, 28 Pac. (2d) 462.)

Counsel, however, contends that the deeds were dated long before the petition was filed with the superintendent, and such fact is shown in the record, and further contends that one holding such a deed is a freeholder whether or not he is shown to be such by the county record. We think such contention is without merit in a proceeding such as this. We do not think it may be reasonably assumed that the superintendent shall personally contact each of the residents of the district and by direct inquiry determine whether such resident is a freeholder or not. Even if one claimed to be a freeholder, it might be determined later that his claim was without legal foundation. That the freeholders of the district are the freeholders shown to be such by the county records is the only reasonable construction, we think, that can be placed on this requirement of the statute in the action at bar. To hold that a superintendent must hunt out every resident of the district and discover whether any such freeholder has a deed to real property in the district or not that he is carrying around in his pocket or has stored away in some forgotten place, would appear to be too absurd on which to found any assumption that the legislature intended any such freeholder should be taken into account in numbering the signers of a petition in such matters as are involved here. There is no statute in the school laws that specifies how the school superintendent shall determine the question as to whether the petition contains the signatures of a majority of the resident freeholders of the district, but subdivision 6 of section 4393, Revised Codes 1921, relating to the creation of new counties, provides a remedy to meet the situation here, and which we think is sufficient indication of the legislative intent in any such matter. On the question of the sufficiency of the petition for the creation

of new counties the statute provides in part: "Such petition or petitions so verified, and the verification thereof, shall be accepted in all proceedings permitted or provided for in this Act, as prima facie evidence of the truth of the matters and facts therein set forth." By applying the provisions of that statute by analogy to the proceedings here, the verified petition shown in the record was prima facie evidence that it contained a majority of the resident freeholders of district 22 at the time it was filed. The petition established prima facie that the signers constituted a majority of the resident freeholders of district 22 at the time the petition was filed, and the plaintiff did not produce any evidence to overcome the presumption thus established by the petitioners.

It is our opinion that a freeholder not of record is not entitled to be taken into account in determining whether the petition is sufficient or not, and we must hold that the petition is sufficient. We think the proper and reasonable construction to be placed upon proceedings relative to school matters, where the requirements are not made clear by the statutes, is well set forth and soundly expounded in *State ex rel. Hall* v. *Peterson,* 55 Mont. 355, 177 Pac. 245. At page 359 of 55 Mont., 177 Pac. 245, 247, the court said in that case: "The petition is not a pleading. Its sufficiency is not to be tested by subjecting its contents to analysis by the trained legal mind searching for, or bent on discovering, defects; nor are its averments to be construed against those who have signed it. Statutes such as the one here involved have been fashioned broadly and without regard to technical nicety, the purpose being to serve the vital interests of the public. It was not contemplated or purposed that such a statute should be taken into the closet and there subjected to critical scrutiny * * * in the hope or expectation of revealing occult meanings different from those fairly apparent from the language used and contrary to the general design of the lawmaking power. If the attacks here made upon the petition be sufficient to destroy its life, few, if any, petitions for the creation of a school district out of an existing district

will ever serve any purpose unless competent lawyers be employed to draft them.''

Plaintiff further contends that every jurisdictional fact must affirmatively appear in the petition, and cites *School District No. 28* v. *Larson,* 80 Mont. 363, 260 Pac. 1042, in support of such contention. In that case this court held that a petition for the creation of a new school district out of territory taken from existing districts must affirmatively show that none of the children listed in the petition resided within two miles of an existing district, and that, in the absence of such affirmative showing, it was fatal defect involving a jurisdictional matter. We think what has already been said on the prima facie showing made by the petitioners is sufficient answer to this contention.

The last issue to be determined is on the superintendent's not having jurisdiction to issue the order of consolidation by reason of the lapse of more than ten days after the election. We think circumstances may arise under which the order may be legally issued after the ten days mentioned in the statute have elapsed. Certainly, if the superintendent fail or refuse to issue the order within ten days after a favorable vote on the question, he could be compelled on proper showing to issue the order after the ten-day period, and where, as here, it appears from the allegations of the interveners which are supported by proof that the superintendent was prevented from issuing the order by reason of the restraining orders issued by the court at the instance of the plaintiff in this action, and by Moulton in the original action, certainly the delay cannot be set up now as a reason why the order may not be made. Interveners' contention on this point is fully supported by the record in the action at bar, but there appears to have been an interval between the dismissal of the Moulton action by this court during which the order of consolidation might have been made. It will be noted, however, that the district court had prepared and dated its judgment and order of dismissal in the Moulton action in October, 1934, but such order was not filed until the action at bar was up for hearing March 22, 1935. Obviously,

the superintendent and other interested parties were left in doubt by no fault of their own as to what action was proper in the premises, and we think that even now, if the superintendent fail or refuse to make the order after the determination of this action here, he may be compelled to do so by mandamus, and we are therefore of the opinion that the plaintiff's position on this question is without merit, and the decision of the trial court in dismissing the proceedings must be sustained.

We think it well to add that the judgment of the district court is sustained on the issues as they appear in the record. The question as to whether the proceedings were properly brought under the provisions of section 1034, supra, was in issue in the *Moulton Case* and its consideration here is barred under the rule of *res adjudicata,* as heretofore stated, and that question is left undecided for the reason that a decision must be presumed to have been confined to the issues before the court. (*Genard* v. *Hosmer,* supra.)

The judgment is affirmed.

ASSOCIATE JUSTICES STEWART, MATTHEWS and ANDERSON concur.

MR. CHIEF JUSTICE SANDS, being absent, did not hear the argument and takes no part in the foregoing decision.