**MONDAKOTA GAS COMPANY, Plaintiff,**

v.

**Collins G. REED et al., Defendants.**

**S-W COMPANY, a corporation, Plaintiff,**

v.

**FIDELITY GAS COMPANY, a corporation, et al., Defendants.**

**The FIRST NATIONAL BANK OF DENVER, COLORADO, a corporation, Trustee, Plaintiff,**

v.

**FIDELITY GAS COMPANY, a corporation, et al., Defendants.**

Nos. 354–356.

United States District Court
D. Montana,
Billings Division.

Aug. 3, 1964.

On Motion for New Trial
June 4, 1965.

---

Daryl E. Engebregson, Billings, Mont., now for plaintiff, Mondakota Gas Co., and E. K. Cheadle, Billings, Mont., originally for plaintiff Mondakota Gas Co.

Cale Crowley, Billings, Mont., and Armin Johnson, Minneapolis, Minn., for Montana-Dakota Utilities Co. and Fidelity Gas Co.

Faith Moore Olsen, Denver, Colo., for Collins Reed and Industrial Gas Co.

E. K. Cheadle, Billings, Mont., and Martin & Young, Baker, Mont., for plaintiffs, S–W Co. and First Nat. Bank of Denver, Colo.

Ray Hildebrand, Glendive, Mont., and Charles Wagner, Denver, Colo. (now deceased), for Shell Oil Co.

MURRAY, Chief Judge.

These actions, all involving similar issues, are pending before the court on various motions, and objections to interrogatories. The plaintiff in each case has filed a motion to modify pretrial orders entered on October 23, 1963; and defendants have pending Motions for Bonds for Costs, Motions for Summary Judgment and objections to plaintiffs' interrogatories. All of the pending motions and objections have been treated together in the briefs of the parties, and the court finds that its ruling on the de-

fendants' Motions for Summary Judgment will dispose of all pending matters.

All of the actions were commenced in the District Court of the Sixteenth Judicial District of the State of Montana, in and for the County of Fallon, with the filing by the respective plaintiffs of short form complaints to quiet title, in which they alleged they were owners and holders of certain oil and gas leases, operating agreements and gas interests covering lands in Fallon County, and alleging the defendants claim or may claim an interest in said lands adverse to the ownership of the plaintiffs, and praying that their title to said interests in the lands be quieted. The cases were removed to this court on the ground of diversity of citizenship.

In each of the cases, defendant Shell Oil Company has filed a separate answer. In Cause No. 354, the defendants Collins G. Reed, Fidelity Gas Company and Montana-Dakota Utilities Company have jointly filed a separate answer. In cases Nos. 355 and 356 defendants Fidelity Gas Company and Montana-Dakota Utilities Company have jointly filed separate answers. In their answers defendants either deny that plaintiffs are the owners and holders of the interests described in the respective complaints and entitled to possession thereof, or allege that whatever interests the respective plaintiffs may have, they are subject to and subordinate to the interests of the defendants. The answers then go on and allege the various instruments and documents under which defendants claim their interests described in the complaints.

In a pretrial memorandum, the plaintiffs submitted a list of the documents and instruments of title under which they claim their interests in the lands in question. Subsequently, by stipulation, copies of the various documents under which defendants claim their interests were submitted to the court in support of the motions for summary judgment.

From the list of documents upon which plaintiffs indicate they rely to establish their claimed interests in the lands involved, it is apparent that each of the plaintiffs in the instant action either was a plaintiff, or is a successor in interest to a plaintiff, in the case of Cedar Creek Oil and Gas Company, et al., v. Fidelity Gas Company, et al., in which case judgment was entered in this court on July 2, 1956, and affirmed by the Court of Appeals for the Ninth Circuit, December 12, 1957, Cedar Creek Oil and Gas Co. v. Fidelity Gas Co., 249 F.2d 277. The decision in the Cedar Creek case upheld the validity of the Fidelity Operating Agreements, and Gas Purchase Agreements, which are the instruments under which defendants in the present case claim their interests. It also held in effect that the interests of the defendants under those instruments were superior to any interests which the plaintiffs might have had. Thus, it would seem that the Cedar Creek case is res judicata of the plaintiffs' claims in the present actions.

Plaintiffs here in effect concede this but contend their present claims are based on breaches of the Fidelity Operating Agreements arising subsequent to the decision in the Cedar Creek case. Plaintiffs' contentions in the present cases are stated in their pretrial memorandum as follows:

"Plaintiffs contend, however, *that while the judgment in the Cedar Creek case determined the rights as between the parties to said action at the time of its rendition,* it is not res judicata as to the rights of these plaintiffs which may have been breached subsequent to the date of said judgment or in the event of changed conditions subsequent thereto. * * *

*"Plaintiffs concede that their lands may be bound during the exploratory period under the Fidelity Operating Agreement,* but that subsequent to that period they were either entitled to a share of the production or to a release of their lands from the provisions of the agreement. Plaintiffs, therefore, contend that because of the failure to either unitize the lands below a depth of

2,000 feet or to pay the plaintiff from the production the operating agreement has been abandoned insofar as these lands are concerned. Since the substance of the decision in the Cedar Creek case is to the effect that the lands may be bound during the exploratory and development period, that because of this failure to either unitize the lands below a depth of 2,000 feet or to pay plaintiffs for production, it becomes clear that the Cedar Creek case is not res judicata."

■■ The court cannot agree with this conclusion of plaintiffs that the Cedar Creek case is not res judicata of the present claims. These claims are based on the alleged failure of defendants to either unitize the properties under the Fidelity Operating Agreements, or release the property from the agreement, as provided in Section 30 of the Agreement, and the alleged failure to operate the properties and distribute the proceeds of production as a unit until a formal unit agreement had been consummated, as required by Section 38 of the Agreement. Because of those alleged breaches of paragraphs 30 and 38 of the Fidelity Operating Agreements, plaintiffs here seek to terminate that agreement. In the Cedar Creek case, the plaintiffs likewise sought to terminate the Fidelity Operating Agreements. In other words, in both the instant cases and the Cedar Creek case, plaintiffs had as their objective the termination of the Fidelity Operating Agreement, although the grounds for termination urged in the present cases are different grounds than were urged in the Cedar Creek case. A prior judgment is conclusive upon the issues made or tendered, and as far as those issues are concerned, *the judgment is conclusive of everything that might have been urged for or against them.* Brennan v. Jones, 101 Mont. 550, 55 P.2d 697; Swaim v. Redeen, 101 Mont. 521, 55 P.2d 1; Sherlock v. Greaves, 106 Mont. 206, 76 P.2d 87; Dern v. Tanner, 96 F.2d 401 (CA. 9). The operation of this rule as it applies to this case is illustrated

by the following quotation from the American Law Institute's Restatement of the Law on Judgments, Section 63(d):

"d. Successive actions to cancel a contract or deed. Where an action is brought for the cancellation of a contract or deed, and the plaintiff in his complaint alleges certain grounds for cancellation, and at the trial he is unable to prove these grounds and a verdict and judgment are given for the defendant, the plaintiff is precluded from maintaining a subsequent action for cancellation of the contract or deed, although in that action he alleges other grounds for cancellation not alleged in the first action although then existing."

That the alleged grounds presently urged for the termination of the Fidelity Operating Agreements existed and could have been urged as grounds for termination of the agreements at the time the Cedar Creek case was commenced is abundantly clear from the plaintiffs' pretrial memorandum in the present cases. On page 7 of the pretrial memorandum it is stated:

"It is to be noted that during a period of approximately 30 years the operators under the Fidelity Agreement have neither drilled the plaintiffs' lands, nor unitized these lands below a depth of 2,000 feet nor paid plaintiffs any portion of the production obtained from lands drilled on the anticline."

Thus, according to plaintiffs the grounds presently urged for termination of the Fidelity Agreements have existed for 30 years, and had existed for almost 20 years when the complaint was filed in the Cedar Creek case on February 25, 1953. Under the rule discussed above the Cedar Creek case is res judicata of the present cases.

However, even assuming that breaches of the provisions of Section 30 or 38, or any other provisions of the Fidelity Operating Agreements, for that matter, have occurred subsequent to the judg-

ment in tthe Cedar Creek case, and the Cedar Creek case was not, therefore, res judicata so far as the subsequent defaults were concerned, plaintiffs still could not prevail on the record in the present actions. It is provided in Section 2 of the Fidelity Operating Agreements that

"Forfeiture of all of the rights of second party as to respective lands upon which it shall be in default in the performance of the drilling, operating or producing obligations under this agreement and its failure to remedy such default within thirty (30) days after receipt of written notice from first party thereof, shall be the exclusive remedy of first party against second party on account of any such default hereunder. * * "

▮ Under this provision, even assuming defaults or breaches by defendants, subsequent to the judgment in the Cedar Creek case, which would be grounds for forfeiture of the agreement, defendants were entitled to written notice, and 30 days thereafter within which to remedy such defaults, before forfeiture could occur. There is no allegation in any of these complaints of such written notice of default being given defendants, and no allegation of their failure to remedy the defaults within 30 days after such written notice. Indeed it is clear from the entire record in the cases that no written notice of defaults alleged to have occurred subsequent to the Cedar Creek judgment had ever been served on defendants up to the time the pretrial conference in these cases was held. In the absence of such written notice and defendants' failure to remedy any default, plaintiffs are not entitled to forfeiture.

It appearing that there is no genuine issue as to any material fact in any of these cases, it is ordered and this does order that the Motions for Summary Judgment of defendants Collins G. Reed, Fidelity Gas Company, Montana-Dakota Utilities Company, and Shell Oil Company be and the same are hereby granted, and counsel for said defendants are directed to prepare forms of judgment as provided by Rule 11(b) of the Rules of Procedure of this Court.

On Motion for New Trial of No. 354

Plaintiff's motion to amend motion for new trial, filed April 1, 1965, is granted and the motion for a new trial is deemed amended in accordance with such motion to amend.

And the court having considered said motion for a new trial as amended, together with the affidavits and briefs in support of and in opposition to said motion, and being fully advised in the premises,

Now, therefore, it is ordered and this does order that said motion for new trial as amended be and the same is hereby denied.

And the court having considered plaintiff's motion for leave to take depositions in support of motion for new trial, together with the affidavits and briefs in support of and in opposition to said motion, and being fully advised in the premises,

Now, therefore, it is ordered that said motion be and the same is hereby denied.

Summary judgment was granted in this case and two companion cases involving similar issues in favor of all the defendants. The present motion for a new trial as amended appears to be directed only to the defendant Collins G. Reed in this case. The alleged grounds for the motion are newly discovered evidence and that there is a genuine dispute as to a material fact which would preclude the court's granting summary judgment in favor of the defendant Reed. The alleged dispute as to a material fact is said to be the validity of an assignment of the so-called Walker oil and gas lease from the plaintiff to one E. R. McElroy, dated December 5, 1952, and subsequent assignments from McElroy to Buchtel, and from Buchtel to the defendant Collins G. Reed. The depositions and discovery procedure, sought to be taken in support of the motion for a new trial, seem to deal only with the issue of the validity of the assignments

from McElroy to Buchtel and from Buchtel to Reed.

In this connection it must be pointed out that if the assignment from the plaintiff to McElroy was valid, the validity of the subsequent assignments from McElroy to Buchtel and from Buchtel to Reed are immaterial as far as the plaintiff is concerned, because if its assignment to McElroy was valid, it no longer had any interest in the oil and gas lease (except such as is preserved to the plaintiff in the judgment), and has no standing to question the subsequent assignments.

This attempt to question the validity of the assignment from the plaintiff to McElroy is made in this case for the first time on the motion for a new trial. The validity of the assignment to McElroy was not mentioned as an issue in either the pre-trial order filed October 23, 1963, or the plaintiff's motion to modify the pre-trial order which was filed December 12, 1963. As a matter of fact, at a pre-trial conference, plaintiff's then counsel conceded that the title of all of the defendants in this and the two companion cases was settled by the decision of this court in Cedar Creek Oil and Gas Company, et al., v. Fidelity Gas Co., et al., which was affirmed by the Court of Appeals in 249 F.2d 277. At that pre-trial conference the attorney for the plaintiff stated that plaintiff in this and the two companion cases was relying on breaches of the Fidelity Operating Agreements which were alleged to have occurred subsequent to the final judgment in the Cedar Creek Oil and Gas case. The attack on the validity of the assignment of the Walker lease by the plaintiff to McElroy for the first time on the motion for a new trial appears to be an afterthought and that reason alone would warrant the denial of the motion for a new trial.

■ However, the motion must be denied for another reason. In cause No. 1557 in this court, the plaintiff Mondakota Gas Company instituted an action against E. L. McElroy, et al., to set aside the assignment of the oil and gas lease.

That action was commenced November 4, 1953, and was dismissed for lack of prosecution on October 11, 1961. Such dismissal for want of prosecution is an adjudication on the merits under the provisions of Rule 41(b) of the Federal Rules of Civil Procedure. That action, No. 1557, is res judicata on the question of the validity of the assignment from Mondakota Gas Co. to E. L. McElroy and the plaintiff cannot relitigate that issue in this case.

■ Since, for the foregoing reasons, the validity of the Mondakota assignment to McElroy is established, the subsequent assignments from McElroy to Buchtel and from Buchtel to Reed are of no concern to the plaintiff and any depositions or discovery relating to the subsequent assignments would avail the plaintiff nothing. Likewise, the alleged newly discovered evidence offered as a ground for the motion for a new trial appears to go to the issue of the validity of the subsequent assignments, and does not assist the plaintiff.